1   Melanie M. Poturica, Bar No. 91279
    mpoturica@lcwlegal.com
2   Jennifer M. Rosner, Bar No. 227676
    jrosner@lcwlegal.com
3   LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
4   6033 W. Century Boulevard, Suite 500
    Los Angeles, CA  90045
5
    Telephone:  (310) 981-2000
6   Facsimile:   (310) 337-0837
7   Attorneys for Defendants
    Gregory Savelli, City of Hermosa Beach,
8   Hermosa Beach Police Department,
    Stephen Burrell, Thomas Eckert and
9   Thomas Bohlin
10
                    **UNITED STATES DISTRICT COURT**
11
                    **CENTRAL DISTRICT OF CALIFORNIA**
12
13   DONOVAN SELLAN; SCOTT         Case No.   CV09-06074 DDP  (Ex)
     KANSAKU; and DAVID
14   BOHACIK,
15              Plaintiffs,        **NOTICE OF REMOVAL OF ACTION
                                   UNDER 28 U.S.C. §§ 1441(a),(b) AND
16        v.                       1446(a),(b), EXHIBITS A, B, C and D**

17   GREGORY SAVELLI, Chief of     **[*Exempt from filing fees pursuant to
     Police; CITY OF HERMOSA       Gov. Code, § 6103.]**
18   BEACH, municipal entity;
     HERMOSA BEACH POLICE
19   DEPARTMENT, a government
     agency; STEPHEN BURRELL, city
20   manager/Personnel Officer, for the
     City of Hermosa Beach; Police
21   Captain THOMAS ECKERT and Police
     Lieutenant THOMAS BOHLIN and
22   DOES 1 through 20, inclusive,
23              Defendants.
24
25
26              **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**
27              PLEASE TAKE NOTICE that Defendants GREGORY SAVELLI, CITY OF
28   HERMOSA BEACH, HERMOSA BEACH POLICE DEPARTMENT, STEPHEN

343409.1 HE050-052

NOTICE OF REMOVAL

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1  BURRELL, THOMAS ECKERT and THOMAS BOHLIN (collectively

2  "Defendants") hereby remove to this Court the state court action described below:

3        1.     On March 13, 2009, Plaintiffs filed a Complaint for Damages for: (1)

4  Violation of the Public Safety Officers Procedural Bill of Rights under Government

5  Code section 3304; (2) Violation of the Public Safety Officers Procedural Bill of

6  Rights under Government Code section 3300, et. seq.; and (3) Damages for Civil

7  Rights, 42 USC section 1983, in the Superior Court of the State of California for

8  the County of Los Angeles entitled *Donavan Sellan, Scott Kansaku and David*

9  *Bohacik, Plaintiffs/Petitioners,* vs. *Gregory Savelli, City of Hermosa Beach,*

10  *Hermosa Beach Police Department, Stephen Burrell, Thomas Eckert and Thomas*

11  *Bohlin and Does 1 through 20, inclusive, Defendants,* as Case Number YC059310.

12  (A true and correct copy of the Complaint is attached hereto as Exhibit "A.")

13        2.     Defendant City of Hermosa Beach (also sued as Hermosa Beach

14  Police Department), was served with a copy of the Summons and Complaint on

15  March 16, 2009.  This is the first date upon which the City of Hermosa Beach

16  received a copy of said Complaint.  (A true and correct copy of the Summons is

17  attached hereto as Exhibit "B.")

18        3.     Defendant Gregory Savelli was served with a copy of the Summons

19  and Complaint on March 16, 2009.  This is the first date upon which Savelli

20  received a copy of said Complaint.  (See, Exhibit B.)

21        4.     Defendant Stephen Burrell was served with a copy of the Summons

22  and Complaint on March 16, 2009.  This is the first date upon which Burrell

23  received a copy of said Complaint.  (See, Exhibit B.)

24        5.     Counsel for Defendant Thomas Bohlin has agreed to accept service on

25  his behalf.  Service was accepted on April 3, 2009.  (A true and correct copy of the

26  email correspondence from Defendants' Counsel to Plaintiff's counsel is attached

27  hereto as Exhibit "C."

28  ///

343409.1 HE050-052

- 2 -

1       6.     Defendant Thomas Eckert was served with a copy of the Summons

2  and Complaint in May 2009.  This is the first date upon which Eckert received a

3  copy of said Complaint.  (See, Exhibit B.)

4       7.     On April 13, 2009, this case was removed to the District Court, Judge

5  Percy Anderson, case number CV09-2542 PA(SHx).  On May 11, 2009, following

6  a motion to dismiss, Judge Anderson dismissed Plaintiffs' third cause of action for

7  violation of 42 U.S.C. section 1983 with prejudice and remanded the remaining

8  causes of action under the POBR to state court.

9       8.     On August 10, 2009, Plaintiffs filed a Verified First Amended

10  Complaint for Damages in state court and re-asserted their third cause of action for

11  42 U.S.C. section 1983 against the Defendants.  (A true and correct copy of the

12  First Amended Complaint is attached hereto as Exhibit "D.")

13       9.     Pursuant to 28 U.S.C. section 1331, the District Court has original

14  jurisdiction of all civil actions arising under the Constitution, laws, or treatises of

15  the United States.

16       10.    This action is removable to the District Court in accordance with 28

17  U.S.C. sections 1441(a) and (b) in that it arises under federal question jurisdiction

18  based upon an alleged violation of 29 U.S.C. section 1983.

19       11.    Defendants Gregory Savelli, City of Hermosa Beach, Hermosa Beach

20  Police Department, Stephen Burrell, Thomas Eckert and Thomas Bohlin are the

21  only Defendants in the subject state court action.

22       12.    This NOTICE OF REMOVAL OF ACTION is filed with the District

23  Court within thirty (30) days after receipt by the Defendants of a copy of the First

24  Amended Complaint setting forth the claims for relief upon which this action or

25  proceeding is based in accordance with 28 U.S.C. section 1446(b).

26       13.    Defendants are providing prompt notice to all adverse parties of the

27  filing of the NOTICE and it is filing a copy of the NOTICE with the Clerk of the

28  Los Angeles County Superior Court.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

14. The above-described action now pending in the Superior Court of the State of California for the County of Los Angeles should be removed to this District in accordance with the provisions of 28 U.S.C. sections 1441(a) and (b) and 1446(a) and (b).

Dated:  August 19, 2009

LIEBERT CASSIDY WHITMORE

By:
Melanie M. Poturica
Jennifer M. Rosner
Attorneys for Defendants
GREGORY SAVELLI, CITY OF
HERMOSA BEACH, HERMOSA
BEACH POLICE DEPARTMENT,
STEPHEN BURRELL, THOMAS
ECKERT AND THOMAS BOHLIN

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

343409.1 HE050-052

NOTICE OF REMOVAL

# EXHIBIT A

COREY W. GLAVE (State Bar No. 164746)
Attorney at Law
1042 2nd Street
Hermosa Beach, CA 90254
Phone: (310) 379-0065
Fax: (310) 379-0456
Email: POAattorney@aol.com

Attorneys for Plaintiffs/Petitioners
Donavan Sellan, Scott Kansaku,
and David Bohacik

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES-SOUTHWEST DISTRICT

|  |  |
|---|---|
| DONAVAN SELLAN, SCOTT KANSAKU, AND DAVID BOHACIK<br><br>Plaintiffs/Petitioners,<br><br>vs.<br><br>GREGORY SAVELLI, Chief of Police; CITY OF HERMOSA BEACH, municipal entity; HERMOSA BEACH POLICE DEPARTMENT, a government agency; STEPHEN BURRELL, City Manager/Personnel Officer, for City of Hermosa Beach; Police Captain THOMAS ECKERT; Police Lieutenant THOMAS BOHLIN and DOES 1 through 20, inclusive,<br><br>Defendants/Respondents | Case No. YC059310<br><br>COMPLAINT<br><br>1. VIOLATION OF THE PUBLIC SAFETY OFFICERS PROCEDURAL BILL OF RIGHTS ACT, GOVERNMENT CODE SECTION 3304<br>2. VIOLATION OF THE PUBLIC SAFETY OFFICERS PROCEDURAL BILL OF RIGHTS ACT, GOVERNMENT CODE SECTION 3300, ET SEQ<br>3. DAMAGES FOR CIVIL RIGHTS, 42 USC §1983<br><br>REQUEST FOR JURY TRIAL |

COMES NOW, PLAINTIFFS DONAVAN SELLAN, SCOTT KANSAKU AND DAVID

BOHACIK, current and former HERMOSA BEACH POLICE OFFICERS, and allege

as follows:

## VENUE AND JURISDICTION

1.     Venue is proper in the Superior Court of the State of California, for

the County of Los Angeles in that the underlying acts, omissions, injuries and

related facts and circumstances giving rise to the present action occurred in the

1

EX. A

City of Hermosa Beach, County of Los Angeles, California. This Court has jurisdiction over the present matter because, as delineated within this complaint, the nature of the claims and amount in controversy meet the requirements of jurisdiction in the Superior Court. This Court is empowered with initial jurisdiction to entertain suits brought pursuant to California Government Code §3300, et seq., and concurrent jurisdiction to entertain suites under the Federal Civil Rights Act, 42 U.S.C. §1983.

2.    Under Government Code §3309.5, Plaintiff need not exhausted all his administrative remedies, and therefore Plaintiff asserts that he has exhausted all administrative remedies required of them. Additionally, to the extent a tort claim notice is required, all plaintiffs timely filed tort claims that have either been rejected or deemed rejected by operation of law.

## PARTIES

3.    At all times herein mentioned, Plaintiff DONAVAN SELLAN (hereinafter "SELLAN" or collectively with other officers as "PLAINTIFFS") was, a resident of the County of Los Angeles, State of California, and employed by the City of Hermosa Beach, Hermosa Beach Police Department as a full time, permanent sworn police officer. As such, SELLAN has a vested interest in continued employment, without discipline, absent a showing of cause. KANSAKU was, and is, a member of the Hermosa Beach Police Officers Association

4.    At all times herein mentioned, Plaintiff SCOTT KANSAKU (hereinafter "KANSAKU" or collectively with other officers as "PLAINTIFFS") was, a resident of the County of Los Angeles, State of California, and employed by the City of Hermosa Beach, Hermosa Beach Police Department as a full time, permanent sworn police officer. As such, KANSAKU has a vested interest in continued employment, without discipline, absent a showing of cause. KANSAKU was, and

2

Ex. A

1   is, a member of the Hermosa Beach Police Officers Association.

2        5.        At all times herein mentioned, Plaintiff DAVID BOHACIK (hereinafter

3   "BOHACIK" or collectively with other officers as "PLAINTIFFS") was, and is, a

4   resident of the County of Los Angeles, State of California, and employed by the

5   City of Hermosa Beach, Hermosa Beach Police Department as a full time,

6   permanent sworn police officer.  As such, KANSAKU has a vested interest in

7   continued employment, without discipline, absent a showing of cause.

8   KANSAKU was, and is, a member of the Hermosa Beach Police Officers

9   Association.

10       6.        At times herein mentioned, GREGORY SAVELLI was the Chief of Police

11  for the City of Hermosa Beach, and is charged with the supervision,

12  management of personnel, including personnel investigations and discipline of

13  employees in the Hermosa Beach Police Department.  Plaintiff has information

14  and belief that SAVELLI participated, supervised and/or was actively involved in

15  the incident giving rise to this Complaint.

16       7.        Defendant, STEPHEN BURRELL is the designated Personnel Officer

17  and City Manager for the City of Hermosa Beach, and is charged with the

18  supervision, management of personnel, including administration the provisions of

19  the Civil Service rules and regulations, and process appeals from discipline filed

20  sworn police officers employed with the City of Hermosa Beach Police

21  Department. Plaintiffs have information and belief that BURRELL participated,

22  supervised and/or was actively involved, both in his official capacity and/or in

23  his individual capacity, in the incident(s) giving rise to this Complaint.

24       8.        Defendant THOMAS ECKERT was a Police Captain with the Hermosa

25  Beach Police Department and was charged with administering the operation of

26  the Police Department in accordance with all rules, regulations, policies,

27  procedures, statutes and ordinances of the City of Hermosa Beach and the

28  State of California.

<div align="center">3</div>

<div align="center">COMPLAINT</div>

Ex.A

<div align="center">-7-</div>

9.     Defendant THOMAS BOHLIN was a Police Lieutenant with the Hermosa Beach Police Department and was charged with administering the operation of the Police Department in accordance with all rules, regulations, policies, procedures, statutes and ordinances of the City of Hermosa Beach and the State of California.

10.     At all time mentioned herein, Defendant CITY OF HERMOSA BEACH is a Municipal Corporation existing under the Constitution and the laws of the State of California. The HERMOSA BEACH POLICE DEPARTMENT (hereinafter "Department") was and is a department of the City of Hermosa Beach employing both sworn police officers and civilians, having as its primary function the provision of police services to the City of Hermosa Beach. The CITY OF HERMOSA BEACH and the HERMOSA BEACH POLICE DEPARTMENT was and is an employing public safety department as that term is used in the Public Safety Officers Procedural Bill of Rights Act ("Bill of Rights" or "AB301") California Government Code Section 3300, et seq.

11.     Defendant CITY is sued in its own right under 42 U.S.C. §1983 because its policies, customs, and practices caused the constitutional violations claimed by plaintiff herein. Defendant CITY is responsible for the actions and inactions of the named and unnamed defendants, policy makers and employees involved in this incident.

12.     The true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein, and caused injury and damage proximately thereby to Plaintiffs as hereinafter alleged. Plaintiffs will seek leave of court to amend this complaint to show the true names and capacities of the defendants designated herein as

4

Ex. A

1   Does when the same have been ascertained.

2       13.    Whenever in this complaint reference is made to "Defendants, and

3   each of them," such allegations shall be deemed to mean the acts of

4   defendants acting individually, jointly and/or severally.

5       14.    Plaintiffs are informed and believe and thereon allege that at all

6   times mentioned herein, each of the Defendants was the agent, servant and

7   employee, co-venturer and co-conspirator of each of the remaining

8   Defendants, and was at all times mentioned herein acting within the course,

9   scope, purpose, consent, knowledge, ratification and authorization of such

10  agency, employment, joint venture and conspiracy.

11

12

13              ## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

14      15.    It is the practice of Defendant POLICE DEPARTMENT to open an

15  internal affairs file upon a complaint or investigation of allegations of

16  misconduct being assigned for internal investigation and/or discipline.  Once a

17  file is opened it is assigned an "IA" or "DR" number that is unique to that file.  An

18  IA file is a permanent file that can be reviewed by any supervisor of the

19  employee to whom the file pertains.  IA files are reviewed for personnel actions

20  including but not limited to selection for specialty assignments; evaluation of

21  employee performance; determination of merit pay increase (salary bonus);

22  promotion; and progressive discipline.  IA files are maintained for a period of at

23  least five years and are subject to discovery in civil and criminal matters as

24  provided by law.

25      16.    Article 34 of the Memorandum of Understanding between the City

26  of Hermosa Beach and the Hermosa Beach Police Officers Association defines

27  disciplinary actions as dismissal, demotion, suspension, reduction in pay, and

28  reprimand (written).

Ex. A

17. Article 34-A-5 of the Memorandum of Understanding provides "Any reprimand record or other writing containing negative comments (with the exception of Performance Evaluations) included in the employees personnel package is a written reprimand."

18. The Memorandum of Understanding between the City of Hermosa Beach and the Hermosa Beach Police Officers Association defines discipline as dismissal, demotion, suspensions, reduction in pay and reprimand. The term "reprimand" is defined as any reprimand record or other writing containing a negative comment (with the exception of performance evaluations) included in the employee' personnel package.

19. Hermosa Beach Police Department Rules and Regulations, Section 10.20(m), provides in pertinent part as follows:

Rule 10.20(m) provides:"Any officer in the competitive service shall have the right to appeal to the Civil Service Board relative to any suspension, reduction in pay or alleged violation of this ordinance or the personnel rules and regulations except in the instances where the right of appeal is prohibited by the ordinance.

20. In the event of such action affecting an officer, he shall within one (1) working day thereafter be given a signed, written statement setting forth in full the reasons for such action, a copy of which shall be filed with the Personnel Officer. The officer may thereafter, within three (3) working days, a (sic) flle a request with the Personnel Officer for a hearing on the action, and thereafter the Personnel Officer shall call a meeting of the Civil Service Board to convene as a Special Hearing Board within seventy-two (72) hours, excluding Saturdays, Sundays, and Holidays, from the date and time the employee request is filed with the Personnel Officer.

The Hearing Board may make, or cause to be made, such investigation as it may deem necessary and thereafter hold a hearing at which

6

Ex. A

time it shall hear evidence for and against the party aggrieved. Within ten (10) working days after concluding the hearing, the Hearing Board shall certify its findings and conclusions in writing to the City Manager, the city official from whose action the appeal was taken and to the employee affected. In the event the Hearing Board finds the action taken to have been taken without just cause, the action will be revoked, and in the case of such finding on an action of suspension or reduction in pay, the employee shall be immediately restored to his previous status and shall be entitled to his regular pay for the period during which such suspension or reduction of pay was in affect. The provisions of this section shall not apply to reduction in pay which are a part of a general plan to reduce salaries and wages."

21.    Chapter 2.76, Section 2.76.090, subsection "A" provides that the function of the civil service board shall included the hearing of appeals relative to any suspension, reduction in pay or alleged violations of this chapter or the personnel rules and regulations.

22.    When appeals are received for disciplinary actions against a police officer, the City Civil Service Rules require that the Hermosa Beach Civil Service Commission be informed of that request within three (3) days

23.    Chapter 2.76, Section 2.76.180 provides:

"Any employee in the competitive service shall have the right to appeal to the Civil Service Board relative to any suspension, reduction in pay or alleged violation of this ordinance or the personnel rules and regulations except in the instances where the right of appeal is prohibited in this chapter.

24.    In the event the Hearing Board finds the action taken to have been taken without just cause, the action will be revoked, and in the case of such finding on an action of suspension or reduction in pay, the employee shall be immediately restored to his previous status and shall be entitled to his regular

7

Ex A

1    pay for the period during which such suspension or reduction of pay was in
2    effect (sic).

3        25.    In the past, the CITY OF HERMOSA BEACH, and the HERMOSA
4    BEACH POLICE DEPARTMENT had conducted appeals of written reprimands by
5    way of full evidentiary hearings before the Hermosa Beach Civil Service
6    Commission.

7              FACTUAL ALLEGATIONS RELATED TO DONAVAN SELLAN

8        26.    In May 2006, Officer Sellan openly supported (and later testified on
9    behalf of) an officer that had been wrongly terminated. In June 2006, Sellan
10   was informed that an investigation and findings of sustained allegation of
11   misconduct was being entered into his Internal Affairs file (a file used for
12   personnel purposes). While the allegation was sustained, the City did not meet
13   certain time restrictions so they did not take any formal disciplinary action
14   against Sellan. As a sustained allegation, whether or not disciplinary action is
15   imposed, can and has been used by the Hermosa Beach Police Department in
16   future employment decisions and future disciplinary cases. Officer Sellan
17   appealed the reprimand. The City indicated that they would not provide him
18   an administrative appeal hearing, but the appeal was not communicated to
19   the Civil Service Commission until approximately 2008.

20       27.    Sellan, and three other officers filed suit in the Los Angeles County
21   Superior Court raising various claims under the Peace Officers Procedural Bill of
22   Rights Act and other due process claims. Upon learning that the Court believed
23   that Sellan was entitled to a hearing, the City processed the appeal to the Civil
24   Service Commission, but asked the Commission to deny the appeal for lack of
25   jurisdiction. The Commission denied this request. Thereafter the City conceded
26   and the Civil Service Commission granted Sellan's appeal from discipline, stating
27   that the allegations would be deemed to be without merit.

28       28.    In February 28, 2008, Sellan filed a complaint against another sworn

                                      8
                                _____
                                     COMPLAINT

1   peace officer of the Hermosa Beach Police Department based on information
2   and belief that the other officer had violated policy and had made statements
3   that could be deemed as constituting a hostile working environment and an
4   officer safety issue. The Department conducted an internal investigation into the
5   claims, but the manner in which the claims were investigated was questionable
6   at best. Sellan was listed as the complainant and witness officer, and was never
7   informed that his actions were being investigated or that he could be subject to
8   disciplinary action for bringing forward the complaint.

9       29.    On or about August 8, 2008, Officer Sellan requested to be placed
10  on the Acting-Watch Commander's list. Sellan met all of the qualifications for
11  the position. This assignment is viewed as a career enhancement and includes
12  salary additives. Chief Savelli denied Officer Sellan's request based on hearsay,
13  rumor and innuendo. This appears to be a standard operating procedure for
14  Chief Savelli, especially when it comes to Savelli dealing with officers he does
15  not like. Savelli stated in his denial memorandum that he was denying the
16  request because of Sellan's perceived "ability to manage [his] feelings and
17  expressions about members of this department...and the disruption it has caused
18  the operations of this department."

19      30.    On or about August 30, 2008, Savelli informed Sellan that he (Savelli)
20  will not promote Officer Sellan to sergeant even if Sellan were to finish first on the
21  promotion list.

22      31.    Apparently to ensure that Sellan is not eligible for promotion, and to
23  further discourage him from even taking the sergeant's promotional test, Savelli
24  issued a Sellan a memorandum informing Sellan that an "adverse comment"
25  against Sellan was being placed in his personnel file or a file used for personnel
26  purposes. Under the MOU with the Hermosa Beach Police Officers Association,
27  this action constitutes the issuance of a written reprimand. Sellan immediately
28  file an appeal from the Written Reprimand and requested a complete copy of

-13-

Ex:A

1 | the instrument containing the adverse comment.

2 | 32. The City has not responded to the request for an administrative

3 | appeal and the time period for the City to act on the request, as set forth in the

4 | city's Municipal Code and Memorandum of Understanding with the Hermosa

5 | Beach Police Officers Association has expired.

6 | 33. Chief Savelli has denied Sellan's request for a complete copy of the

7 | instrument containing the adverse comment and has now provided documents

8 | to Sellan indicating that there are numerous comments, not previously disclosed,

9 | that the Chief had deemed to be adverse to Sellan. Even though Savelli denied

10 | Sellan's request, the file, including all audio and video recordings had been

11 | turned over to outside counsel. It is believed that Savelli complained to other

12 | officers in the department that Sellan kept running to his attorney when issues

13 | regarding his employed came up. Evidently Savelli is displeased with such

14 | action by Sellan even though Sellan is within his legal right to do so.

15 | 34. Sellan filed a Tort Claim regarding the above activity and the City,

16 | Police Department and Savelli continued their retaliation against Sellan by

17 | initiating disciplinary actions for behavior that is common at the department and

18 | that other officers do with impunity; denying Sellan special assignments and

19 | career advancement, and by providing career enhancement opportunities to

20 | lesser qualified candidates.

21 | 35. Respondents are believed to have intentionally and maliciously

22 | violated Plaintiff's, and other officers right under Government Code §3300, et

23 | seq., including, but are not limited to Government Code sections 3303, 3304,

24 | 3304.5, 3305, 3306, 3306.5, and 3309.5.

25 | 36. As a direct result of Defendants' behavior, Sellan has and will

26 | continue to incurred harm, damages, and attorney's fees in an effort to redress

27 | the damages which he/she/it has sustained as a result of said Defendants'

28 |

<center>10</center>

Ex. A

## FACTUAL ALLEGATIONS RELATED TO SCOTT KANSAKU

1

2  37.   Officer Kansaku was issued a reprimand in April of 2005, for an

3  incident that occurred in July 2004. He timely appealed the discipline by filing a

4  Notice of Appeal with City Personnel Director and Secretary to the Civil Service

5  Commission, Michael Earl, but the appeal was not communicated to the Civil

6  Service Commission until approximately 2008.

7  38.   Kansaku, and three other officers filed suit in the Los Angeles County

8  Superior Court raising various claims under the Peace Officers Procedural Bill of

9  Rights Act and other due process claims. Upon learning that the Court believed

10  that Kansaku was entitled to a hearing, the City processed the appeal to the

11  Civil Service Commission. Thereafter the City conceded that the appeal from

12  discipline could be granted and the Civil Service Commission granted Kansaku's

13  appeal from discipline, stating that the allegations would be deemed to be

14  without merit.

15  39.   Kansaku also took issue with the manner in with Chief Savelli was

16  selecting officers for specialty assignments and filed a grievance challenging

17  the Chief's process of selection, or the Chief's failure to follow his own

18  established procedures.

19  40.   In May, 2008, a citizen, trying to get out of a citation for having an

20  open container of alcohol in public (outside of a bar), filed a complaint against

21  Kansaku for being rude and belittling her. Kansaku had tape recorded the

22  entire encounter. The internal affairs investigation did not substantiate the citizen

23  complaint, but Chief Savelli decided to implement discipline against Kansaku

24  and placed an adverse comment, sustaining an allegation of misconduct, in a

25  personnel file and/or a file used for personnel purposes. Under the MOU with the

26  Hermosa Beach Police Officers Association and Government Code §3300, et

27  seq., this action constitutes the issuance of a written reprimand. Kansaku

28  immediately filed an appeal from the Written Reprimand.

11

Ex. A

—15—

1     41.    In retaliation for Kansaku's speaking out on matters of public
2   concern, for his filing of lawsuit(s) against the Police Department, and for his filing
3   of grievances challenging Chief Savelli's processes, Chief Savelli responded that
4   the City would not afford Kansaku an administrative appeal hearing. This denial
5   was made after the Hermosa Beach Civil Service Commission, with Chief Savelli
6   being present, ruled that such matters are subject to the Civil Service
7   Commission's jurisdiction and that the Commission will hear such appeals. The
8   time period for the City to respond and notify the Civil Service Commission has
9   expired.

10    42.    Defendants are believed to have intentionally and maliciously
11  violated Plaintiff's, and other officers right under Government Code §3300, et
12  seq., including, but are not limited to Government Code sections 3303, 3304,
13  3304.5, 3305,3306, 3306.5, and 3309.5.

14    43.    Plaintiffs allege that Defendants undertook the above actions in
15  order to promote its/their/his wish to vex, annoy, or injure another person, or an
16  intent to do a wrongful act. Defendants knew or should have known that by
17  taking the above actions, the Plaintiff and/or his career in law enforcement
18  would be harmed.  Respondents have a history and pattern of denying
19  arbitration and Civil Service hearings when requested by employee and do so
20  without any just, proper, legitimate, or legal reason.

21    44.    As a direct result of Defendants' behavior, Plaintiff has and will
22  continue to incurred harm, damages and attorney's fees in an effort to redress
23  the damages which he/she/it has sustained as a result of said respondents'
24  outrageous behavior.

25

26              FACTUAL ALLEGATIONS RELATED TO DAVID BOHACIK
27    45.    In 2005, Officer Bohacik filed a lawsuit against the City of Hermosa
28  Beach and its police management alleging a number of violations of the Public

                                    12

Ex. A                        - 16 -

1    Safety Officers Procedural Bill of Rights Act. The case resulted in restraining order
2    and/or injunctions being issued against the Police Department and City. The
3    litigation was resolved in 2006.

4         46.    Immediately after the litigation was resolved, the Police
5    Department, via Lt. Bohlin and Captain Eckert, retaliated against Plaintiff by
6    sustaining an allegation of misconduct for which Plaintiff Bohacik was never
7    informed he was under investigation for. In fact, the allegation of misconduct
8    was for based on acts that are common and accepted by the Police
9    Department and for which Lt. Bohlin has testified under oath are acceptable
10   within the Hermosa Beach Police Department. In simple terms, even if the
11   allegations were to have occurred, the act or ommission was consistent with the
12   accepted practices of the Department and would not constitute misconduct.

13        47.    Officer Bohacik timely appealed the disciplinary action
14   (Reprimand) in March of 2006 and requested that he be provided with a full and
15   complete copy of the investigation report and file. The request for documents
16   was the second request for said documents, and neither request has been
17   honored as of the date of this Complaint.

18        48.    Plaintiff has information and belief that the City, through Stephen
19   Burrell and/or Michael Earl have failed and/or refused to notify the Hermosa
20   Beach Civil Service Commission of Bohacik's appeal. Instead, Earl continually
21   stated that Bohacik could meet with the Chief of Police to discuss the matter.
22   The City of Hermosa Beach has admitted, under oath, that there is no appeal
23   process for reprimands that requires (or authorizes) an officer to first meet with
24   the Chief of Police before processing his appeal to the Civil Service Commission.

25        49.    Current Chief of Police Gregory Savelli, has indicated that he
26   cannot remove the disciplinary action. It also believed that Savelli will not or
27   does not have the authority to overturn this wrongful disciplinary action.

28        50.    It is believed that Officer Bohacik has been denied overtime

<div align="center">13</div>

Ex. A

-17-

1  assignment and/or specialty assignments/positions because of this false
2  disciplinary record being maintained in his personnel file and/or files used for
3  personnel purposes. A sustained allegation, whether or not disciplinary action is
4  imposed, can and has been used by the Hermosa Beach Police Department in
5  future employment decisions and future disciplinary cases.

6      51.    At least four other officers filed suit in the Los Angeles County
7  Superior Court raising various claims under the Peace Officers Procedural Bill of
8  Rights Act and other due process claims. Upon learning that the Court believed
9  these officers were entitled to a hearing, the City processed the appeal to the
10  Civil Service Commission. The Commission accepted jurisdiction of all four
11  cases, including three reprimands. Thereafter the City conceded and the Civil
12  Service Commission granted all four appeals (which were filed at or near the
13  time that Bohacik's appeal was filed), stating that the allegations would be
14  deemed to be without merit.

15      52.    The City has not granted Bohacik's request for an administrative
16  appeal and the time period for the City to act on the request, as set forth in the
17  city's Municipal Code and Memorandum of Understanding with the Hermosa
18  Beach Police Officers Association has expired.

19      53.    Defendants continue, as of the time of this Tort Claim, maintain in
20  Bohacik's personnel/IA file and/or files used for personnel purposes and that are
21  discoverable in civil and criminal actions, copies of these unlawful disciplinary
22  actions that are believed to be false and misleading. By continuing to not
23  afford Claimant with the opportunity for an administrative appeal, Claimant is
24  being prohibited from challenging the factual correctness and propriety of this
25  disciplinary action.

26      54.    Defendants are believed to have intentionally and maliciously
27  violated Plaintiff's, and other officers right under Government Code §3300, et
28  seq., including, but are not limited to Government Code sections 3303, 3304,

Ex. A

- - 18 -

1  3304.5, 3305, 3306, 3306.5, and 3309.5.

2

3  <u>FIRST CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST DEFENDANT</u>

4  <u>CITY OF HERMOSA BEACH, HERMOSA BEACH POLICE DEPARTMENT</u>

5  Violation of Government Code §3304, §3309.5

6

7      55.    Plaintiffs, and each of them, for a First Cause of Action against

8  Defendants CITY OF HERMOSA BEACH, a municipal entity; HERMOSA BEACH

9  POLICE DEPARTMENT; Chief of Police GREGORY SAVELLI, and DOES 1 through 52,

10  inclusive, for Injunctive Relief, Mandamus Relief, Statutory Penalties and/or

11  Damage for violation of the Public Safety Officers Procedural Bill of Rights Act,

12  <u>Government Code</u>, Section 3300 <u>et seq</u>., reallege paragraphs 1 through 41 and

13  further allege as follows:

14      56.    At all times herein mentioned, California Government Code §3304

15  provided in pertinent part:

16      "(b) No punitive action, nor denial of promotion on grounds other than

17  merit, shall be undertaken by any public agency against any public safety

18  officer who has successfully completed the probationary period that may be

19  required by his or her employing agency without providing the public safety

20  officer with an opportunity for administrative appeal."

21      57.    Punitive action under Government Code §3300, et seq., is defined

22  as any action that may lead to dismissal, demotion, suspension, reduction in

23  salary, written reprimand, or transfer for purposes of punishment.

24      58.    Article 34-A-5, provides "Any reprimand record or other writing

25  containing negative comments (with the exception of Performance Evaluations)

26  included in the employees personnel package is a written reprimand."

27      59.    At all times herein mentioned, California Government Code §3309.5

28  provided in pertinent part:

15

Ex. A

(a) It shall be unlawful for any public safety department to deny or refuse to any public safety officer the rights and protections guaranteed to them by this chapter.

(b) The superior court shall have initial jurisdiction over any proceeding brought by any public safety officer against any public safety department for alleged violations of this chapter.

(c) In any case where the superior court finds that a public safety department has violated any of the provisions of this chapter, the court shall render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a temporary restraining order, preliminary, or permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer.

(e) In addition to the extraordinary relief afforded by this chapter, upon a finding by a superior court that a public safety department, its employees, agents, or assigns, with respect to acts taken within the scope of employment, maliciously violated any provision of this chapter with the intent to injure the public safety officer, the public safety department shall, for each and every violation, be liable for a civil penalty not to exceed twenty-five thousand dollars ($25,000) to be awarded to the public safety officer whose right or protection was denied and for reasonable attorney's fees as may be determined by the court. If the court so finds, and there is sufficient evidence to establish actual damages suffered by the officer whose right or protection was denied, the public safety department shall also be liable for the amount of the actual damages. Notwithstanding these provisions, a public safety

COMPLAINT

Ex. A

-20

1   department may not be required to indemnify a contractor for the
2   contractor's liability pursuant to this subdivision if there is, within the
3   contract between the public safety department and the
4   contractor, a "hold harmless" or similar provision that protects the
5   public safety department from liability for the actions of the
6   contractor. An individual shall not be liable for any act for which a
7   public safety department is liable under this section.

8   60.   Plaintiffs, and each of them, have been issued discipline, in the form
9   of written reprimands with corresponding loss of salary and/or opportunities for
10  increase salary, by Defendants. Plaintiffs, and each of them, have filed requests
11  for administrative hearings/appeals to challenge their discipline, but have not
12  been afforded with administrative hearings within a reasonable time.

13  61.   Based on the actions of the Defendants, and each of them,
14  Plaintiffs have matters contained in his/her personnel/IA file and/or files used for
15  personnel purposes and that are discoverable in civil and criminal actions, that
16  are believed to be false and misleading. By not affording officers with the
17  opportunity for administrative appeals, Plaintiffs are being prohibited from
18  challenging the factual correctness and propriety of these disciplinary actions.
19  Defendants, and each of them undertook said actions in order to retaliate
20  against each Plaintiffs' prior assertion of rights under Government Code §3300,
21  et seq., and in order to harm their careers in law enforcement.

22  62.   Defendants have intentionally and maliciously violated Plaintiff's,
23  and other officers right under Government Code §3300, et seq., including, but
24  are not limited to Government Code section 3304, 3304.5, and 3309.5.

25  63.   The duty to obey the law in conducting internal affairs investigations
26  and disciplinary appeals is a ministerial duty and is not discretionary. By acting,
27  and failing to act, as set forth above, defendants have violated a ministerial
28  duty. The court can issue an order directing the employer to act.

17

Ex. A

64.     Each and every act listed above, individually or jointly, constitutes a violation of Government Code §3300, et seq., and therefore this court is required to render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a temporary restraining order, a preliminary injunction and a permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer. (Gov't Code §3309.5).

65.     Unless this court issues injunctive and/or mandamus relief enjoining and restraining defendants, and each of them, and their agents, employees and servants, from using and/or maintaining any record of the alleged disciplinary actions and/or from making any reference to any action against Plaintiffs based on the conduct giving rise to the underlying internal investigation in their personnel file, or files used for personnel purposes, or any other written record of his employee performance, Plaintiffs will suffer and will continue to suffer irreparable harm in that their rights, as afforded by California Government Code §3300, et seq., will be violated.

66.     Unless this court issues injunctive and/or mandamus relief enjoining and restraining defendants, and each of them, and their agents, employees and servants, from releasing information from the investigative file and/or any reference to said disciplinary action against Plaintiffs, and each of them, Plaintiffs will continue to  suffer irreparable harm in that their rights, as afforded by California Government Code §3300, et seq., and rights under procedural due process will be violated.

67.     In the alternative, Plaintiffs request that they be immediately provided full administrative hearings before the City of Hermosa Beach Civil Service Commission, wherein the City of Hermosa Beach will have the burden of proving that Plaintiffs are guilty of misconduct, and if so found, that the discipline

18

Ex. A

1   is the appropriate actions under the facts found.

2       68.  Plaintiffs have no plain, speedy or adequate remedy under the law.

3   Plaintiffs have attempted to exhaust all administrative remedies to redress the

4   violation of their rights.  Furthermore, pursuant to Government Code Section

5   3309.5, Petitioner need not pursue any administrative remedy in order to address

6   this problem.  Thus, Petitioner is excused from or has exhausted his administrative

7   remedies.  This court is given initial jurisdiction over this matter pursuant to

8   Government Code §3309.5.

9       69.  Plaintiff has information and belief, and thereupon alleges that

10  defendants, in doing the acts herein above described (incorporating

11  paragraphs 1 through 67) acted in such a manner as to show a conscious

12  disregard of his rights, thus justifying extraordinary relief to remedy the violation

13  and to prevent future violations of a like or similar nature, including, but not

14  limited to, the enjoining of any and all further proceedings and/or disciplinary

15  action against Bohacik, monetary damages, an award of attorney fees and the

16  granting of a permanent injunction prohibiting the local public safety

17  department from taking any punitive action against plaintiff in this case.

18      70.  Plaintiff alleges that Defendants, and each of them, with respect to

19  acts taken within the scope of employment, maliciously violated provision of

20  Government Code §3300, et seq., with the intent to injure the public safety

21  officer, and therefore, the public safety department shall, for each and every

22  violation, be liable for a civil penalty not to exceed twenty-five thousand dollars

23  ($25,000) to be awarded to the public safety officer whose right or protection

24  was denied and for reasonable attorney's fees as may be determined by the

25  court.

26      71.  Plaintiff requests this court to award damages pursuant to C.C.P.

27  § 1090 and 1095.

28      72.  The actions of defendants, and each of them, were arbitrary and

19

COMPLAINT

- 23 -

Ex. A

1  capricious and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant
2  to Government Code §800.
3      73.    The success of Plaintiffs in this action will result in the enforcement of
4  an important right affecting the public interest in that a significant benefit will be
5  conferred on a large class of persons, that is, public employees, and the
6  necessity and financial burden of private enforcement of said benefit are such
7  as to make appropriate the award of attorney fees pursuant to California Code
8  of Civil Procedure §1021.5.
9  ///
10  ///
11  ///
12  ///

13                        THIRD CAUSE OF ACTION
14        VIOLATION OF CIVIL RIGHTS AGAINST ALL DEFENDANTS
15                    42 U.S.C. §1983

16      74.    Plaintiffs, and each of them, for a Fourth Cause of Action against
17  Defendants, and each of them, and reallege paragraphs 1 through 71 as herein
18  above set forth and further alleges:
19      75.    Plaintiff Selian contends that after he supported another employee
20  in a disciplinary appeal of wrongful termination, Defendants implemented
21  discipline, in the form of a written reprimand, against him, removed him from a
22  training position that paid approximately $500.00 per month and denied him a
23  special assignment that paid and additional 7% to his base salary.  Selian
24  appealed the disciplinary action, but was told that he would not be given a
25  hearing (of any type).  Thereafter the City released, without his consent, the
26  records from the disciplinary action to third parties.  Selian sued the City and
27  obtained a financial settlement from the City and an order destroying the
28  disciplinary file.  In retaliation for his prior appeal and lawsuit, Defendants, and

Ex. A

1   each of them, retaliated against him with unwarranted disciplinary action(s),

2   again refused to provide him with the documents giving rise to the disciplinary

3   action, refused to afforded him an administrative appeal and caused his salary

4   to be reduced.

5       76.   Plaintiff Kansaku contends that after he successfully appealed from

6   a wrongful disciplinary action, and filed multiple lawsuits against the City of

7   Hermosa Beach for violations of his state statutory rights, Defendants retaliated

8   against him by implementing discipline, in the form of a written reprimand,

9   against him, removed him from special assignments, refused to initially allow him

10   to apply for other special assignments, refused to provide him with the

11   documents giving rise to the disciplinary action, refused to afforded him an

12   administrative appeal and caused his salary to be reduced.

13       77.   Plaintiff Bohacik contends that after filed a lawsuit seeking to

14   enforce his statutory rights, Defendants implemented discipline, in the form of a

15   written reprimand, against him, removed him from consideration of training

16   position and supervisory positions that would have increased his salary. Bohacik

17   appealed the disciplinary action, but has not been provided any administrative

18   hearing and has not been provided the documents giving rise to the disciplinary

19   action.

20       78.   42 U.S.C. §1983 provides in pertinent part that every person who,

21   under color of any statute, ordinance, regulation, custom, usage, or any State,

22   subjects, or causes to be subjected, any citizen of the United States or other

23   person with the jurisdiction thereof to the deprivation of any rights, privileges, or

24   immunities secured by the Constitution and laws, shall be liable to the party

25   injured in an action in law, suit in equity or other proper proceeding for redress.

26       79.   This cause of action is brought pursuant to Article I, Section 10 of the

27   United States Constitution, the First and Fourteenth Amendments and Due

28   Process Clauses of the Fifth and Fourteenth Amendments to the United States

<div align="center">21</div>

Ex. A

Constitution and the other state and federal laws which would entitle plaintiffs to recover damages pursuant to 42 U.S.C. §1983. Plaintiffs contend that they have been denied due process and have been retaliated against for the exercise of their First Amendment rights to file grievances and speak out on matters of public concern.

80.     Property interests protected by the Due Process Clause are created by existing rules or understandings that stem from an independent source such as state law, resolutions or governmental polices and procedures. In this matter, Plaintiffs were in fact given the right to due process/liberty interest in their employment by federal due process protection, state law (Gov't Code §3304) and the City's own resolution/municipal code which mandates that the discipline be only on grounds of merit.

81.     Plaintiffs alleges that the City of Hermosa Beach has a policy, custom and/or practice to deny employees appeal hearing when employees seek to challenge disciplinary actions. On at least five other occasions known to plaintiffs, the City has denied/refused appeal hearings to officers seeking to challenge disciplinary actions; and on a number of other occasions denied officers the ability to submit grievances to arbitrations hearings. This policy/custom/practice has been established either due to official actions in the past, decisions of a decision-maker given authority to grant or deny hearing, and/or by actions of Defendants that have been ratified by the City and/or Defendants' supervisors. Defendants' denial of hearing involve other officers that have engaged in protected activities against the City of Hermosa Beach and/or the other named defendants.

82.     This purported policy/custom/practice has manifested itself in the denial of hearings to the named plaintiffs and the denial of similar type hearings requested in the past by Donavan Sellan, Timothy Turek, Scott Kansaku, Dorothy Scheid, Garth Gaines, Todd Lewitt and/or Jaime Ramirez.

Ex. A

83.    On information and belief, Plaintiff Sellan alleges that the City of Hermosa Beach has a policy, custom, and/or practice of retaliating against employees who invoke their First Amendment right to speak out on matters of public concern; to wit, other employee's wrongful disciplinary actions.

84.    At all times relevant herein defendants, named and unnamed, were agents and employees of defendant CITY OF HERMOSA BEACH and in carrying out the acts alleged herein were acting under color of their authority as such and under color of the statutes, regulations, customs, and usages of city and police department and pursuant to a set pattern, practice and official policy of each respective governmental entity.  Defendant CITY OF HERMOSA BEACH policies, procedures, customs, and practices to deny employee appeal hearings and described above, encouraged its officers, employees and agents, to believe that the above described actions were permissible and that they can undertake the above described actions, currently and in the future, with impunity.  As a direct and proximate result of the aforementioned policies, procedures, customs, and practices of defendants, plaintiff has suffered injuries and damages in an amount to be proven at the time of trial.

85.    The conduct of each defendant violated the rights of the plaintiffs to due process and the equal protection of law as guaranteed by the Fourteenth Amendment to the United States Constitution and entitles plaintiff to recover damages pursuant to 42 U.S.C. § 1983.  The conduct of the defendants which violated plaintiff's Fourteenth Amendment rights includes a conspiracy by one or more of the defendants to violated plaintiff's rights.

86.    It is believed that Defendants, and each of them, disclosed stigmatizing information, of which is challenged by Plaintiffs, regarding the reasons plaintiffs were disciplined and/or placed said information in his/her/their personnel file or a file used for personnel purposes.  Information contained in plaintiffs' personnel file is subject to mandatory disclosure in federal lawsuits, to

23

COMPLAINT

-27-

Ex: A

other public safety employers, district attorney investigations, P.O.S.T. reviews/audits and pursuant to Penal Code §832.5-832.8, and Evidence Code §1043-1046. After undertaking the above action, Defendants refused to provide Plaintiffs with due process and/or a liberty hearings ; thus, violating the Fourteenth Amendment's due process clause.

87. During all times mentioned herein, the individual defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, processes, customs and usages of the defendants. Each of the individual defendants here, separately and in concert, deprived plaintiff of his rights, privileges and immunities under Article I, Section 10 of the United States Constitution, and the Fourteenth Amendments and Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and other state and federal laws. Said breaches of plaintiff's rights have caused him injuries and damages.

88. Plaintiffs allege, on information and belief that the above articulated constitutional violations were proximately caused by the defendants' deliberate indifference to the maintenance, training and control of its officers, and the constitutional violations set forth above were proximity caused by the customs, practices, policies and decisions of defendant the City of Hermosa Beach and/or Hermosa Beach Police Department.

89. Despite the fact that the defendants knew or should have known of the facts that these acts, omissions, decisions, practices, customs and policies both formal and informal, were being carried out by its agents and employees, defendants have taken no steps or efforts to order a halt to this course of conduct, nor make redress to this plaintiff or other employees injured thereby and has failed to take any disciplinary actions whatsoever against its employees or agents.

90. As a direct and proximate result of the aforesaid acts, omissions,

1  customs, practices, policies and decisions of the defendants, and each of them,

2  plaintiffs have suffered mental pain, suffering, anguish, anxiety, grief, shock,

3  humiliation, indignity, embarrassment and apprehension, all to his/her/their

4  damage in a sum to be determined at trial.  Additionally, plaintiffs have been

5  forced to incur substantial amounts of attorney' fees, investigations, expenses

6  and other cost in the prosecution of the above articulated constitutional

7  violations.

8      91.    Plaintiffs are entitled to and hereby demands, costs, attorney fees,

9  and expenses pursuant to 42 U.S.C. §1988.

10     92.    Plaintiffs hereby demand that a jury be impaneled for the trial of this

11 matter.

12

13         WHEREFORE, PLAINTIFFS pray for judgment against

14 DEFENDANTS, and each of them, as follows:

15                    FIRST CAUSE OF ACTION

16     1.     That this court issues a temporary restraining order, preliminary

17 and/or permanent injunction enjoining and restraining defendants, and each of

18 them, and their agents, employees and servants, from using or maintaining any

19 record of the alleged disciplinary actions and/or from making any reference to

20 any action against Plaintiffs based on the conduct giving rise to the underlying

21 internal investigation in their personnel file, or files used for personnel purposes, or

22 any other written record of his employee performance;

23     2.     That this court issues a temporary restraining order, preliminary

24 and/or permanent injunction enjoining and restraining defendants, and each of

25 them, and their agents, employees and servants from releasing information from

26 the investigative file and/or any reference to said disciplinary action against

27 Plaintiffs.

28     3.     In the alternative, Plaintiffs request that they be immediately

Ex. A

1  provided full administrative hearings before the City of Hermosa Beach Civil

2  Service Commission, wherein the City of Hermosa Beach will have the burden of

3  proving that Plaintiffs are guilty of misconduct, and if so found, that the discipline

4  is the appropriate actions under the facts found.

5      4.    Extraordinary relief to remedy the violation and to prevent future

6  violations of a like or similar nature, including, but not limited to monetary

7  damages, an award of attorney fees and the granting of a permanent

8  injunction prohibiting the local public safety department from taking any

9  punitive action against plaintiffs in this case.

10      5.    Civil penalty not to exceed twenty-five thousand dollars ($25,000)

11  per violation found and for reasonable attorney's fees as may be determined by

12  the court.

13                       SECOND CAUSE OF ACTION

14      6.    That this court issues a temporary restraining order, preliminary

15  and/or permanent injunction enjoining and restraining defendants, and each of

16  them, and their agents, employees and servants, from using or maintaining any

17  record of the alleged disciplinary actions and/or from making any reference to

18  any action against Plaintiffs based on the conduct giving rise to the underlying

19  internal investigation in their personnel file, or files used for personnel purposes, or

20  any other written record of his employee performance

21      7.    That this court issues a temporary restraining order, preliminary

22  and/or permanent injunction enjoining and restraining defendants, and each of

23  them, and their agents, employees and servants, from releasing information

24  from the investigative file and/or any reference to said disciplinary action

25  against Plaintiffs

26      8.    That this court issues a temporary restraining order, preliminary

27  and/or permanent injunction enjoining and restraining defendants, and each of

28  them, and their agents, employees and servants, from using any document, or

<div align="center">26</div>

<div align="center">COMPLAINT</div>



1  the "fruit" of any such document, maintained in violation of Government Code

2  Section 3300 et seq; and/or from making any reference to any of said

3  statements in Plaintiffs' IA/Personnel file or any other record maintained by the

4  City.

5      9.    Extraordinary relief to remedy the violation and to prevent future

6  violations of a like or similar nature, including, but not limited to monetary

7  damages, an award of attorney fees and the granting of a permanent

8  injunction prohibiting the local public safety department from taking any

9  punitive action against plaintiffs in this case.

10      10.    Civil penalty not to exceed twenty-five thousand dollars ($25,000)

11  per violation found and for reasonable attorney's fees as may be determined by

12  the court.

13

14                 THIRD CAUSE OF ACTION

15      11.    An award of monetary damages and equitable relief, according to

16  the proof at trial for all injuries, including financial, employment status, emotional

17  distress, and/or otherwise.

18      12.    An award of punitive damages against the individually named

19  defendants and Doe defendants;

20      13.    An award of damages, pursuant to 42. U.S.C. §1983 and §1985, for

21  mental pain, suffering, anguish, anxiety, grief, shock, humiliation, indignity,

22  embarrassment and apprehension, and/or attorney' fees, investigations,

23  expenses and other cost in the prosecution of the above articulated

24  constitutional violations;

25      14.    A permanent injunction prohibiting Defendants, and each of them,

26  from denying Plaintiffs, and other similarly situated officers, their right to due

27  process and/or retaliating against officers for exercising their First Amendment

28  right of freedom of speech and association;

Ex. A            -31-

15.   An award of damages for plaintiff's lost wages, future wages and/or earning capacities resulting from the incident(s) as described herein, in an amount to be determined according to the proof at time of trial.

16.   An award of costs, attorney fees, and expenses pursuant to 42 U.S.C. §1988.

### ALL CAUSES OF ACTION

17.   Monetary damages according to proof at the time of trial;

18..   Damages pursuant to C.C.P. §1090 and 1095.

19.   Prejudgment interest on any and all awards described above.

20.   Attorneys' fees pursuant to Government Code §800.

21.   Attorney fees pursuant to California Code of Civil Procedure § 1021.5.

22.   For costs of suit incurred herein; and

23.   Such other and further relief as the court deems proper under the circumstances.

Dated: March 11, 2009                    COREY W. GLAVE, ATTORNEY AT LAW

                                         By_____
                                            Corey W. Glave,
                                            Attorney for All Plaintiffs

Ex. A                          -32-

## VERIFICATION

The undersigned declares as follows:

I am a named plaintiff to this action.  I have read the foregoing COMPLAINT, and know the contents thereof.  Said document was prepared with the assistance and advice of counsel, upon which I have relied   The matters stated in the foregoing document, as they related to me are true except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Donavan Sellan

Ex. A

## VERIFICATION

The undersigned declares as follows:

I am a named plaintiff to this action. I have read the foregoing COMPLAINT, and know the contents thereof. Said document was prepared with the assistance and advice of counsel, upon which I have relied. The matters stated in the foregoing document, as they related to me are true except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



SCOTT KANSAKU

Ex. A

## VERIFICATION

The undersigned declares as follows:

I am a named plaintiff to this action.    I have read the foregoing COMPLAINT, and know the contents thereof.  Said document was prepared with the assistance and advice of counsel, upon which I have relied.  The matters stated in the foregoing document, as they related to me are true except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


_____
DAVID BOHACIK

Ex. A

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT: GREGORY SAVELLI, Chief of Police;
(AVISO AL DEMANDADO):
Additional Parties Attachment form is attached.

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTA DEMANDANDO EL DEMANDANTE):
Donavan Sellan, Scott Kansaku, and David Bohacik

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 1 3 2009

John A. Clarke, Executive Officer/Clerk

By E. Briones, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):

CASE NUMBER:
(Número del Caso:) YC059310

Los Angeles County Superior Court-Southwest District
Torrance Courthouse
825 Maple Ave
Torrance, CA 90503

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Corey W. Glave                                    310-379-0065                  fax 310-379-0456
Attorney at Law
1042 2nd Street
Hermosa Beach, CA 90254

DATE:                 MAR 1 3 2009        JOHN A. CLARKE                           Eugenia Briones
(Fecha)                                   Clerk, by                                              , Deputy
                                          (Secretario)                                           (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

RECEIVED
MAR 16 2009
CITY CLERK
CITY OF HERMOSA BEACH

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

 Ex. B

SUMMONS   — 69 —

Code of Civil Procedure §§ 412.20, 465

| SHORT TITLE: | | SUM-200(A) |
|---|---|---|
| Sellan, et al., v. Savelli, et al. | CASE NUMBER: | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

CITY OF HERMOSA BEACH, municipal entity; HERMOSA BEACH POLICE DEPARTMENT, a government agency; STEPHEN BURRELL, City Manager/Personnel Officer, for City of Hermosa Beach; Police Captain THOMAS ECKERT; Police Lieutenant THOMAS BOHLIN and DOES 1 through 20, inclusive

Ex.B

-70-

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

# EXHIBIT C

Jennifer M. Rosner

From:          Connie M. Chuang
Sent:          Friday, April 03, 2009 4:56 PM
To:            'Pcaattorney@aol.com'
Cc:            Jennifer M. Rosner; Melanie M. Poturica
Subject:       Selian et. al. v. City of Hermosa Beach et. al. and Lewitt v. City of Hermosa Beach et al.

Mr. Glave,

Please be advised that Melanie Poturica and Jennifer Rosner will be representing the City of Hermosa Beach in the *Sellan v. City of Hermosa Beach* litigation, Case No. YC059310.  Melanie Poturica and I will be representing the City of Hermosa Beach in the *Lewitt v. City of Hermosa Beach* case, Case No. YC059309.

Please direct all correspondence regarding these cases to our office accordingly.

In addition, our office will accept service of the complaint on behalf of Tom Bohlin in the *Sellan* and *Lewitt* cases exclusively.

Sincerely,

Connie Chuang

Ex. C                          - 71 -

1

EXHIBIT D

COREY W. GLAVE (State Bar No. 164746)
Attorney at Law
1042 2nd Street
Hermosa Beach, CA 90254
Phone: (310) 379-0065
Fax: (310) 379-0456
Email: POAattorney@aol.com

Attorneys for Plaintiffs/Petitioners
Donavan Sellan, Scott Kansaku,
and David Bohacik

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES-SOUTHWEST DISTRICT

| | |
|---|---|
| DONAVAN SELLAN, SCOTT KANSAKU, AND DAVID BOHACIK <br><br> Plaintiffs/Petitioners, <br><br> vs. <br><br> GREGORY SAVELLI, Chief of Police; CITY OF HERMOSA BEACH, municipal entity; HERMOSA BEACH POLICE DEPARTMENT, a government agency; STEPHEN BURRELL, City Manager/Personnel Officer, for City of Hermosa Beach; Police Captain THOMAS ECKERT; Police Lieutenant THOMAS BOHLIN and DOES 1 through 20, inclusive, <br><br> Defendants/Respondents | Case No. yc059310 <br> Assigned for All Purposed to Hon. Bob Hight <br><br> FIRST AMENDED COMPLAINT <br><br> 1.   VIOLATION OF THE PUBLIC SAFETY OFFICERS PROCEDURAL BILL OF RIGHTS ACT, GOVERNMENT CODE SECTION 3304 <br> 2.   VIOLATION OF THE PUBLIC SAFETY OFFICERS PROCEDURAL BILL OF RIGHTS ACT, GOVERNMENT CODE SECTION 3300, ET SEQ <br> 3.   DAMAGES FOR CIVIL RIGHTS, 42 USC §1983 <br><br> REQUEST FOR JURY TRIAL |

COMES NOW, PLAINTIFFS DONAVAN SELLAN, SCOTT KANSAKU AND DAVID

BOHACIK, current and former HERMOSA BEACH POLICE OFFICERS, and allege

as follows:

## VENUE AND JURISDICTION

1.      Venue is proper in the Superior Court of the State of California, for

the County of Los Angeles in that the underlying acts, omissions, injuries and

related facts and circumstances giving rise to the present action occurred in the

1

1   City of Hermosa Beach, County of Los Angeles, California. This Court has
2   jurisdiction over the present matter because, as delineated within this complaint,
3   the nature of the claims and amount in controversy meet the requirements of
4   jurisdiction in the Superior Court. This Court is empowered with initial jurisdiction
5   to entertain suits brought pursuant to California Government Code §3300, et
6   seq., and concurrent jurisdiction to entertain suites under the Federal Civil Rights
7   Act, 42 U.S.C. §1983.

8       2.      Under Government Code §3309.5, Plaintiff need not exhausted all
9   his administrative remedies, and therefore Plaintiff asserts that he has exhausted
10  all administrative remedies required of them. Additionally, to the extent a tort
11  claim notice is required, all plaintiffs timely filed tort claims that have either been
12  rejected or deemed rejected by operation of law.

13
14                              **PARTIES**

15      3.      At all times herein mentioned, Plaintiff DONAVAN SELLAN
16  (hereinafter "SELLAN" or collectively with other officers as "PLAINTIFFS") was, a
17  resident of the County of Los Angeles, State of California, and employed by the
18  City of Hermosa Beach, Hermosa Beach Police Department as a full time,
19  permanent sworn police officer. As such, SELLAN has a  vested interest in
20  continued employment, without discipline, absent a showing of cause.
21  KANSAKU was, and is, a member of the Hermosa Beach Police Officers
22  Association

23      4.      At all times herein mentioned, Plaintiff SCOTT KANSAKU (hereinafter
24  "KANSAKU" or collectively with other officers as "PLAINTIFFS") was, a resident of
25  the County of Los Angeles, State of California, and employed by the City of
26  Hermosa Beach, Hermosa Beach Police Department as a full time, permanent
27  sworn police officer. As such, KANSAKU has a  vested interest in continued
28  employment, without discipline, absent a showing of cause. KANSAKU was, and

                                2

1   is, a member of the Hermosa Beach Police Officers Association.

2        5.     At all times herein mentioned, Plaintiff DAVID BOHACIK (hereinafter

3   "BOHACIK" or collectively with other officers as "PLAINTIFFS") was, and is, a

4   resident of the County of Los Angeles, State of California, and employed by the

5   City of Hermosa Beach, Hermosa Beach Police Department as a full time,

6   permanent sworn police officer. As such, KANSAKU has a  vested interest in

7   continued employment, without discipline, absent a showing of cause.

8   KANSAKU was, and is, a member of the Hermosa Beach Police Officers

9   Association.

10       6.     At times herein mentioned, GREGORY SAVELLI was the Chief of Police

11  for the City of Hermosa Beach, and is charged with the supervision,

12  management of personnel, including personnel investigations and discipline of

13  employees in the Hermosa Beach Police Department.  Plaintiff has information

14  and belief that SAVELLI participated, supervised and/or was actively involved in

15  the incident giving rise to this Complaint.

16       7.     Defendant, STEPHEN BURRELL is the designated Personnel Officer

17  and City Manager for the City of Hermosa Beach, and is charged with the

18  supervision, management of personnel, including administration the provisions of

19  the Civil Service rules and regulations, and process appeals from discipline filed

20  sworn police officers employed with the City of Hermosa Beach Police

21  Department. Plaintiffs have information and belief that BURRELL participated,

22  supervised and/or was actively involved, both in his official capacity and/or in

23  his individual capacity, in the incident(s) giving rise to this Complaint.

24       8.     Defendant THOMAS ECKERT was a Police Captain with the Hermosa

25  Beach Police Department and was charged with administering the operation of

26  the Police Department in accordance with all rules, regulations, policies,

27  procedures, statutes and ordinances of the City of Hermosa Beach and the

28  State of California.

9.     Defendant THOMAS BOHLIN was a Police Lieutenant with the Hermosa Beach Police Department and was charged with administering the operation of the Police Department in accordance with all rules, regulations, policies, procedures, statutes and ordinances of the City of Hermosa Beach and the State of California.

10.     At all time mentioned herein, Defendant CITY OF HERMOSA BEACH is a Municipal Corporation existing under the Constitution and the laws of the State of California. The HERMOSA BEACH POLICE DEPARTMENT (hereinafter "Department") was and is a department of the City of Hermosa Beach employing both sworn police officers and civilians, having as its primary function the provision of police services to the City of Hermosa Beach. The CITY OF HERMOSA BEACH and the HERMOSA BEACH POLICE DEPARTMENT was and is an employing public safety department as that term is used in the Public Safety Officers Procedural Bill of Rights Act ("Bill of Rights" or "AB301") California Government Code Section 3300, et seq.

11.     Defendant CITY is sued in its own right under 42 U.S.C. §1983 because its policies, customs, and practices caused the constitutional violations claimed by plaintiff herein. Defendant CITY is responsible for the actions and inactions of the named and unnamed defendants, policy makers and employees involved in this incident.

12.     The true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein, and caused injury and damage proximately thereby to Plaintiffs as hereinafter alleged. Plaintiffs will seek leave of court to amend this complaint to show the true names and capacities of the defendants designated herein as

4

1  Does when the same have been ascertained.

2      13.    Whenever in this complaint reference is made to "Defendants, and

3  each of them," such allegations shall be deemed to mean the acts of

4  defendants acting individually, jointly and/or severally.

5      14.    Plaintiffs are informed and believe and thereon allege that at all

6  times mentioned herein, each of the Defendants was the agent, servant and

7  employee, co-venturer and co-conspirator of each of the remaining

8  Defendants, and was at all times mentioned herein acting within the course,

9  scope, purpose, consent, knowledge, ratification and authorization of such

10  agency, employment, joint venture and conspiracy.

11  ## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

12      15.    It is the practice of Defendant POLICE DEPARTMENT to open an

13  internal affairs file upon a complaint or investigation of allegations of

14  misconduct being assigned for internal investigation and/or discipline.  Once a

15  file is opened it is assigned an "IA" or "DR" number that is unique to that file.  An

16  IA file is a permanent file that can be reviewed by any supervisor of the ·

17  employee to whom the file pertains.  IA files are reviewed for personnel actions

18  including but not limited to selection for specialty assignments; evaluation of

19  employee performance; determination of merit pay increase (salary bonus);

20  promotion; and progressive discipline.  IA files are maintained for a period of at

21  least five years and are subject to discovery in civil and criminal matters as

22  provided by law.

23      16.    Article 34 of the Memorandum of Understanding between the City

24  of Hermosa Beach and the Hermosa Beach Police Officers Association defines

25  disciplinary actions as dismissal, demotion, suspension, reduction in pay, and

26  reprimand (written).

27      17.    Article 34-A-5 of the Memorandum of Understanding provides "Any

28  reprimand record or other writing containing negative comments (with the

5

exception of Performance Evaluations) included in the employees personnel package is a written reprimand."

18.     The Memorandum of Understanding between the City of Hermosa Beach and the Hermosa Beach Police Officers Association defines discipline as dismissal, demotion, suspensions, reduction in pay and reprimand. The term "reprimand" is defined as any reprimand record or other writing containing a negative comment (with the exception of performance evaluations) included in the employee' personnel package.

19.     Hermosa Beach Police Department Rules and Regulations, Section 10.20(m), provides in pertinent part as follows:

Rule 10.20(m) provides:"Any officer in the competitive service shall have the right to appeal to the Civil Service Board relative to any suspension, reduction in pay or alleged violation of this ordinance or the personnel rules and regulations except in the instances where the right of appeal is prohibited by the ordinance.

20.     In the event of such action affecting an officer, he shall within one (1) working day thereafter be given a signed, written statement setting forth in full the reasons for such action, a copy of which shall be filed with the Personnel Officer. The officer may thereafter, within three (3) working days, a (sic) file a request with the Personnel Officer for a hearing on the action, and thereafter the Personnel Officer shall call a meeting of the Civil Service Board to convene as a Special Hearing Board within seventy-two (72) hours, excluding Saturdays, Sundays, and Holidays, from the date and time the employee request is filed with the Personnel Officer.

The Hearing Board may make, or cause to be made, such investigation as it may deem necessary and thereafter hold a hearing at which time it shall hear evidence for and against the party aggrieved. Within ten (10) working days after concluding the hearing, the Hearing Board shall certify its findings and

6

conclusions in writing to the City Manager, the city official from whose action the appeal was taken and to the employee affected. In the event the Hearing Board finds the action taken to have been taken without just cause, the action will be revoked, and in the case of such finding on an action of suspension or reduction in pay, the employee shall be immediately restored to his previous status and shall be entitled to his regular pay for the period during which such suspension or reduction of pay was in affect. The provisions of this section shall not apply to reduction in pay which are a part of a general plan to reduce salaries and wages."

21.    Chapter 2.76, Section 2.76.090, subsection "A" provides that the function of the civil service board shall included the hearing of appeals relative to any suspension, reduction in pay or alleged violations of this chapter or the personnel rules and regulations.

22.    When appeals are received for disciplinary actions against a police officer, the City Civil Service Rules require that the Hermosa Beach Civil Service Commission be informed of that request within three (3) days

23.    Chapter 2.76, Section 2.76.180 provides:

"Any employee in the competitive service shall have the right to appeal to the Civil Service Board relative to any suspension, reduction in pay or alleged violation of this ordinance or the personnel rules and regulations except in the instances where the right of appeal is prohibited in this chapter.

24.    In the event the Hearing Board finds the action taken to have been taken without just cause, the action will be revoked, and in the case of such finding on an action of suspension or reduction in pay, the employee shall be immediately restored to his previous status and shall be entitled to his regular pay for the period during which such suspension or reduction of pay was in effect (sic).

7

25.   In the past, the CITY OF HERMOSA BEACH, and the HERMOSA BEACH POLICE DEPARTMENT had conducted appeals of written reprimands by way of full evidentiary hearings before the Hermosa Beach Civil Service Commission.

## FACTUAL ALLEGATIONS RELATED TO DONAVAN SELLAN

26.   In May 2006, Officer Sellan openly supported (and later testified on behalf of) an officer that had been wrongly terminated.  In June 2006, Sellan was informed that an investigation and findings of sustained allegation of misconduct was being entered into his Internal Affairs file (a file used for personnel purposes).  While the allegation was sustained, the City did not meet certain time restrictions so they did not take any formal disciplinary action against Sellan.  As a sustained allegation, whether or not disciplinary action is imposed, can and has been used by the Hermosa Beach Police Department in future employment decisions and future disciplinary cases.  Officer Sellan appealed the reprimand.  The City  indicated that they would not  provide him an administrative appeal hearing, but the appeal was not communicated to the Civil Service Commission until approximately 2008.

27.   Sellan, and three other officers filed suit in the Los Angeles County Superior Court raising various claims under the Peace Officers Procedural Bill of Rights Act and other due process claims.  Upon learning that the Court believed that Sellan was entitled to a hearing, the City processed the appeal to the Civil Service Commission, but asked the Commission to deny the appeal for lack of jurisdiction.  The Commission denied this request.  Thereafter the City conceded and the Civil Service Commission granted Sellan's appeal from discipline, stating that the allegations would be deemed to be without merit.

28.   In February 28, 2008, Sellan filed a complaint against another sworn peace officer of the Hermosa Beach Police Department based on information and belief that the other officer had violated policy and had made statements

8

1    that could be deemed as constituting a hostile working environment and an

2    officer safety issue. The Department conducted an internal investigation into the

3    claims, but the manner in which the claims were investigated was questionable

4    at best. Selian was listed as the complainant and witness officer, and was never

5    informed that his actions were being investigated or that he could be subject to

6    disciplinary action for bringing forward the complaint.

7        29.    On or about August 8, 2008, Officer Selian requested to be placed

8    on the Acting-Watch Commander's list. Selian met all of the qualifications for

9    the position. This assignment is viewed as a career enhancement and includes

10    salary additives. Chief Savelli denied Officer Selian's request based on hearsay,

11    rumor and innuendo. This appears to be a standard operating procedure for

12    Chief Savelli, especially when it comes to Savelli dealing with officers he does

13    not like. Savelli stated in his denial memorandum that he was denying the

14    request because of Selian's perceived "ability to manage [his] feelings and

15    expressions about members of this department...and the disruption it has caused

16    the operations of this department."

17        30.    On or about August 30, 2008, Savelli informed Selian that he (Savelli)

18    will not promote Officer Selian to sergeant even if Selian were to finish first on the

19    promotion list.

20        31.    Apparently to ensure that Selian is not eligible for promotion, and to

21    further discourage him from even taking the sergeant's promotional test, Savelli

22    issued a Selian a memorandum informing Selian that an "adverse comment"

23    against Selian was being placed in his personnel file or a file used for personnel

24    purposes. Under the MOU with the Hermosa Beach Police Officers Association,

25    this action constitutes the issuance of a written reprimand. Selian immediately

26    file an appeal from the Written Reprimand and requested a complete copy of

27    the instrument containing the adverse comment.

28        32.    The City has not responded to the request for an administrative

1  appeal and the time period for the City to act on the request, as set forth in the

2  city's Municipal Code and Memorandum of Understanding with the Hermosa

3  Beach Police Officers Association has expired.

4      33.   Chief Savelli has denied Sellan's request for a complete copy of the

5  instrument containing the adverse comment and has now provided documents

6  to Sellan indicating that there are numerous comments, not previously disclosed,

7  that the Chief had deemed to be adverse to Sellan.  Even though Savelli denied

8  Sellan's request, the file, including all audio and video recordings had been

9  turned over to outside counsel.  It is believed that Savelli complained to other

10  officers in the department that Sellan kept running to his attorney when issues

11  regarding his employed came up.  Evidently Savelli is displeased with such

12  action by Sellan even though Sellan is within his legal right to do so.

13      34.   Sellan filed a Tort Claim regarding the above activity and the City,

14  Police Department and Savelli continued their retaliation against Sellan by

15  initiating disciplinary actions for behavior that is common at the department and

16  that other officers do with impunity; denying Sellan special assignments and

17  career advancement, and by providing career enhancement opportunities to

18  lesser qualified candidates.  Specifically, SAVELLI suspended Sellan from the

19  Field Training Officer program, and reduced Sellan's salary by an estimated

20  $16,000.00 and when Sellan filed a request for an administrative appeal, Burrell

21  and the City denied Sellan's request.

22      35.   Respondents are believed to have intentionally and maliciously

23  violated Plaintiff's, and other officers right under Government Code §3300, et

24  seq., including, but are not limited to Government Code sections 3303, 3304,

25  3304.5, 3305,3306, 3306.5, and 3309.5.

26      36.   As a direct result of Defendants' behavior, Sellan has and will

27  continue to  incurred harm, damages, and attorney's fees in an effort to redress

28  the damages which he/she/it has sustained as a result of said Defendants'

## FACTUAL ALLEGATIONS RELATED TO SCOTT KANSAKU

37.    Officer Kansaku was issued a reprimand in April of 2005, for an incident that occurred in July 2004. He timely appealed the discipline by filing a Notice of Appeal with City Personnel Director and Secretary to the Civil Service Commission, Michael Earl, but the appeal was not communicated to the Civil Service Commission until approximately 2008.

38.    Kansaku, and three other officers filed suit in the Los Angeles County Superior Court raising various claims under the Peace Officers Procedural Bill of Rights Act and other due process claims. Upon learning that the Court believed that Kansaku was entitled to a hearing, the City processed the appeal to the Civil Service Commission. Thereafter the City conceded that the appeal from discipline could be granted and the Civil Service Commission granted Kansaku's appeal from discipline, stating that the allegations would be deemed to be without merit.

39.    Kansaku also took issue with the manner in with Chief Savelli was selecting officers for specialty assignments and filed a grievance challenging the Chief's process of selection, or the Chief's failure to follow his own established procedures.

40.    In May, 2008, a citizen, trying to get out of a citation for having an open container of alcohol in public (outside of a bar), filed a complaint against Kansaku for being rude and belittling her. Kansaku had tape recorded the entire encounter. The internal affairs investigation did not substantiate the citizen complaint, but Chief Savelli decided to implement discipline against Kansaku and placed an adverse comment, sustaining an allegation of misconduct, in a personnel file and/or a file used for personnel purposes. Under the MOU with the Hermosa Beach Police Officers Association and Government Code §3300, et seq., this action constitutes the issuance of a written reprimand. Kansaku immediately filed an appeal from the Written Reprimand.

11

41. In retaliation for Kansaku's speaking out on matters of public concern, for his filing of lawsuit(s) against the Police Department, and for his filing of grievances challenging Chief Savelli's processes, Chief Savelli responded that the City would not afford Kansaku an administrative appeal hearing. This denial was made after the Hermosa Beach Civil Service Commission, with Chief Savelli being present, ruled that such matters are subject to the Civil Service Commission's jurisdiction and that the Commission will hear such appeals. The time period for the City to respond and notify the Civil Service Commission has expired.

42. Defendants are believed to have intentionally and maliciously violated Plaintiff's, and other officers right under Government Code §3300, et seq., including, but are not limited to Government Code sections 3303, 3304, 3304.5, 3305,3306, 3306.5, and 3309.5.

43. Plaintiffs allege that Defendants undertook the above actions in order to promote its/their/his wish to vex, annoy, or injure another person, or an intent to do a wrongful act. Defendants knew or should have known that by taking the above actions, the Plaintiff and/or his career in law enforcement would be harmed. Respondents have a history and pattern of denying arbitration and Civil Service hearings when requested by employee and do so without any just, proper, legitimate, or legal reason.

44. As a direct result of Defendants' behavior, Plaintiff has and will continue to incurred harm, damages and attorney's fees in an effort to redress the damages which he/she/it has sustained as a result of said respondents' outrageous behavior.

## FACTUAL ALLEGATIONS RELATED TO DAVID BOHACIK

45. In 2005, Officer Bohacik filed a lawsuit against the City of Hermosa Beach and its police management alleging a number of violations of the Public Safety Officers Procedural Bill of Rights Act. The case resulted in restraining order

12

1  and/or injunctions being issued against the Police Department and City. The
2  litigation was resolved in 2006.

3       46.    Immediately after the litigation was resolved, the Police
4  Department, via Lt. Bohlin and Captain Eckert, retaliated against Plaintiff by
5  sustaining an allegation of misconduct for which Plaintiff Bohacik was never
6  informed he was under investigation for.  In fact, the allegation of misconduct
7  was for based on acts that are common and accepted by the Police
8  Department and for which Lt. Bohlin has testified under oath are acceptable
9  within the Hermosa Beach Police Department.  In simple terms, even if the
10 allegations were to have occurred, the act or ommission was consistent with the
11 accepted practices of the Department and would not constitute misconduct.

12      47.    Officer Bohacik timely appealed the disciplinary action
13 (Reprimand) in March of 2006 and requested that he be provided with a full and
14 complete copy of the investigation report and file.  The request for documents
15 was the second request for said documents, and neither request has been
16 honored as of the date of this Complaint.

17      48.    Plaintiff has information and belief that the City, through Stephen
18 Burrell and/or Michael Earl have failed and/or refused to notify the Hermosa
19 Beach Civil Service Commission of Bohacik's appeal.  Instead, Earl continually
20 stated that Bohacik could meet with the Chief of Police to discuss the matter.
21 The City of Hermosa Beach has admitted, under oath, that there is no appeal
22 process for reprimands that requires (or authorizes) an officer to first meet with
23 the Chief of Police before processing his appeal to the Civil Service Commission.

24      49.    Current Chief of Police Gregory Savelli, has indicated that he
25 cannot remove the disciplinary action. It also believed that Savelli will not or
26 does not have the authority to overturn this wrongful disciplinary action.

27      50.    It is believed that Officer Bohacik has been denied overtime
28 assignment and/or specialty assignments/positions because of this false

1  disciplinary record being maintained in his personnel file and/or files used for
2  personnel purposes. A sustained allegation, whether or not disciplinary action is
3  imposed, can and has been used by the Hermosa Beach Police Department in
4  future employment decisions and future disciplinary cases.

5       51.  At least four other officers filed suit in the Los Angeles County
6  Superior Court raising various claims under the Peace Officers Procedural Bill of
7  Rights Act and other due process claims. Upon learning that the Court believed
8  these officers were entitled to a hearing, the City processed the appeal to the
9  Civil Service Commission. The Commission accepted jurisdiction of all four
10 cases, including three reprimands. Thereafter the City conceded and the Civil
11 Service Commission granted all four appeals (which were filed at or near the
12 time that Bohacik's appeal was filed), stating that the allegations would be
13 deemed to be without merit.

14      52.  The City has not granted Bohacik's request for an administrative
15 appeal and the time period for the City to act on the request, as set forth in the
16 city's Municipal Code and Memorandum of Understanding with the Hermosa
17 Beach Police Officers Association has expired. In August 2008, Savelli requested
18 that a "reminder" message be sent to him so that he could review the Bohacik
19 appeal. On or about September 9, 2008, and communication was sent to
20 Savelli, Burrell and Earl and warned of potential litigation if an appeal was not
21 granted. The City/Chief of Police, in October 2008, offered to seal the
22 reprimand, but did not offer or schedule an administrative hearing.

23      53.  Defendants continue, as of the time of filing of his Tort Claim, to
24 maintain in Bohacik's personnel/IA file and/or files used for personnel purposes
25 and that are discoverable in civil and criminal actions, copies of these unlawful
26 disciplinary actions that are believed to be false and misleading. By continuing
27 to not afford Claimant with the opportunity for an administrative appeal, Plaintiff
28 is being prohibited from challenging the factual correctness and propriety of this

14

1  disciplinary action.

2     54.    Defendants are believed to have intentionally and maliciously

3  violated Plaintiff's, and other officers right under Government Code §3300, et

4  seq., including, but are not limited to Government Code sections 3303, 3304,

5  3304.5, 3305,3306, 3306.5, and 3309.5.

6

7     **FIRST CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST DEFENDANT**

8     **CITY OF HERMOSA BEACH, HERMOSA BEACH POLICE DEPARTMENT**

9         **Violation of Government Code §3304, §3309.5**

10

11    55.    Plaintiffs, and each of them, for a First Cause of Action against

12  Defendants CITY OF HERMOSA BEACH, a municipal entity; HERMOSA BEACH

13  POLICE DEPARTMENT; Chief of Police GREGORY SAVELLI, and DOES 1 through 52,

14  inclusive, for Injunctive Relief, Mandamus Relief, Statutory Penalties and/or

15  Damage for violation of the Public Safety Officers Procedural Bill of Rights Act,

16  Government Code, Section 3300 et seq., reallege paragraphs 1 through 54 and

17  further allege as follows:

18    56.    At all times herein mentioned, California Government Code §3304

19  provided in pertinent part:

20    '(b) No punitive action, nor denial of promotion on grounds other than

21  merit, shall be undertaken by any public agency against any public safety

22  officer who has successfully completed the probationary period that may be

23  required by his or her employing agency without providing the public safety

24  officer with an opportunity for administrative appeal."

25    57.    Punitive action under Government Code §3300, et seq., is defined

26  as any action that may lead to dismissal, demotion, suspension, reduction in

27  salary, written reprimand, or transfer for purposes of punishment.

28    58.    Article 34-A-5, provides "Any reprimand record or other writing

15

containing negative comments (with the exception of Performance Evaluations) included in the employees personnel package is a written reprimand."

59.    At all times herein mentioned, California Government Code §3309.5 provided in pertinent part:

(a) It shall be unlawful for any public safety department to deny or refuse to any public safety officer the rights and protections guaranteed to them by this chapter.

(b) The superior court shall have initial jurisdiction over any proceeding brought by any public safety officer against any public safety department for alleged violations of this chapter.

(c) In any case where the superior court finds that a public safety department has violated any of the provisions of this chapter, the court shall render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a temporary restraining order, preliminary, or permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer.

(e) In addition to the extraordinary relief afforded by this chapter, upon a finding by a superior court that a public safety department, its employees, agents, or assigns, with respect to acts taken within the scope of employment, maliciously violated any provision of this chapter with the intent to injure the public safety officer, the public safety department shall, for each and every violation, be liable for a civil penalty not to exceed twenty-five thousand dollars ($25,000) to be awarded to the public safety officer whose right or protection was denied and for reasonable attorney's fees as may be determined by the court. If the court so

16

finds, and there is sufficient evidence to establish actual damages suffered by the officer whose right or protection was denied, the public safety department shall also be liable for the amount of the actual damages. Notwithstanding these provisions, a public safety department may not be required to indemnify a contractor for the contractor's liability pursuant to this subdivision if there is, within the contract between the public safety department and the contractor, a "hold harmless" or similar provision that protects the public safety department from liability for the actions of the contractor. An individual shall not be liable for any act for which a public safety department is liable under this section.

60.     Plaintiffs, and each of them, have been issued discipline, in the form of written reprimands with corresponding loss of salary and/or opportunities for increase salary, by Defendants. Plaintiffs, and each of them, have filed requests for administrative hearings/appeals to challenge their discipline, but have not been afforded with administrative hearings within a reasonable time.

61.     Based on the actions of the Defendants, and each of them, Plaintiffs have matters contained in his/her personnel/IA file and/or files used for personnel purposes and that are discoverable in civil and criminal actions, that are believed to be false and misleading. By not affording officers with the opportunity for administrative appeals, Plaintiffs are being prohibited from challenging the factual correctness and propriety of these disciplinary actions. Defendants, and each of them undertook said actions in order to retaliate against each Plaintiffs' prior assertion of rights under Government Code §3300, et seq., and in order to harm their careers in law enforcement.

62.     Defendants have intentionally and maliciously violated Plaintiff's, and other officers right under Government Code §3300, et seq., including, but are not limited to Government Code section 3304, 3304.5, and 3309.5.

17

63.     The duty to obey the law in conducting internal affairs investigations and disciplinary appeals is a ministerial duty and is not discretionary. By acting, and failing to act, as set forth above, defendants have violated a ministerial duty. The court can issue an order directing the employer to act.

64.     Each and every act listed above, individually or jointly, constitutes a violation of Government Code §3300, et seq., and therefore this court is required to render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a temporary restraining order, a preliminary injunction and a permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer. (Gov't Code §3309.5).

65.     Unless this court issues injunctive and/or mandamus relief enjoining and restraining defendants, and each of them, and their agents, employees and servants, from using and/or maintaining any record of the alleged disciplinary actions and/or from making any reference to any action against Plaintiffs based on the conduct giving rise to the underlying internal investigation in their personnel file, or files used for personnel purposes, or any other written record of his employee performance, Plaintiffs will suffer and will continue to suffer irreparable harm in that their rights, as afforded by California Government Code §3300, et seq., will be violated.

66.     Unless this court issues injunctive and/or mandamus relief enjoining and restraining defendants, and each of them, and their agents, employees and servants, from releasing information from the investigative file and/or any reference to said disciplinary action against Plaintiffs, and each of them, Plaintiffs will continue to  suffer irreparable harm in that their rights, as afforded by California Government Code §3300, et seq., and rights under procedural due process will be violated.

67.     In the alternative, Plaintiffs request that they be immediately provided full administrative hearings before the City of Hermosa Beach Civil Service Commission, wherein the City of Hermosa Beach will have the burden of proving that Plaintiffs are guilty of misconduct, and if so found, that the discipline is the appropriate actions under the facts found.

68.     Plaintiffs have no plain, speedy or adequate remedy under the  law. Plaintiffs have attempted to exhaust all administrative remedies to redress the violation of their rights.  Furthermore, pursuant to Government Code Section 3309.5, Petitioner need not pursue any administrative remedy in order to address this problem.  Thus, Petitioner is excused from or has exhausted his administrative remedies.  This court is given initial jurisdiction over this matter pursuant to Government Code §3309.5.

69.     Plaintiff has information and belief, and thereupon alleges that defendants, in doing the acts herein above described (incorporating paragraphs 1 through 68) acted in such a manner as to show a conscious disregard of his rights, thus justifying extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature, including, but not limited to, the enjoining of any and all further proceedings and/or disciplinary action against Bohacik, monetary damages, an award of attorney fees and the granting of a permanent injunction prohibiting the local public safety department from taking any punitive action against plaintiff in this case.

70.     Plaintiff alleges that Defendants, and each of them, with respect to acts taken within the scope of employment, maliciously violated provision of Government Code §3300, et seq., with the intent to injure the public safety officer, and therefore, the public safety department shall, for each and every violation, be liable for a civil penalty not to exceed twenty-five thousand dollars ($25,000) to be awarded to the public safety officer whose right or protection was denied and for reasonable attorney's fees as may be determined by the

19

court.

71.    Plaintiff requests this court to award damages pursuant to C.C.P. §1090 and 1095.

72.    The actions of defendants, and each of them, were arbitrary and capricious and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government Code §800.

73.    The success of Plaintiffs in this action will result in the enforcement of an important right affecting the public interest in that a significant benefit will be conferred on a large class of persons, that is, public employees, and the necessity and financial burden of private enforcement of said benefit are such as to make appropriate the award of attorney fees pursuant to California Code of Civil Procedure §1021.5.

## SECOND CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST DEFENDANT CITY OF HERMOSA BEACH, HERMOSA BEACH POLICE DEPARTMENT

**Violation of Government Code §3303**, §3304, 3305, 3306.5, §3309.5

74.    Plaintiffs, and each of them, for a Second Cause of Action against Defendants CITY OF HERMOSA BEACH, a municipal entity; HERMOSA BEACH POLICE DEPARTMENT; Chief of Police GREGORY SAVELLI, and DOES 1 through 20, inclusive, for Injunctive Relief, Mandamus Relief, Statutory Penalties and/or Damage for violation of the Public Safety Officers Procedural Bill of Rights Act, Government Code, Section 3300 et seq., reallege paragraphs 1 through 73 and further allege as follows:

75.    At all times herein mentioned, California Government Code §3303 provided in pertinent part:

When any public safety officer is under investigation and subjected to interrogation by his or her commanding officer, or any other member of the employing public safety department, that could lead to punitive action, the

20

interrogation shall be conducted under the following conditions. For the purpose of this chapter, punitive action means any action that may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment.

(c) The public safety officer under investigation shall be informed of the nature of the investigation prior to any interrogation.

(g) The complete interrogation of a public safety officer may be recorded. If a tape recording is made of the interrogation, the public safety officer shall have access to the tape if any further proceedings are contemplated or prior to any further interrogation at a subsequent time. The public safety officer shall be entitled to a transcribed copy of any notes made by a stenographer or to any reports or complaints made by investigators or other persons, except those which are deemed by the investigating agency to be confidential. No notes or reports that are deemed to be confidential may be entered in the officer's personnel file.

76.   At all times herein mentioned, California Government Code §3304 provided in pertinent part:

(a) No public safety officer shall be subjected to punitive action, or denied promotion, or be threatened with any such treatment, because of the lawful exercise of the rights granted under this chapter, or the exercise of any rights under any existing administrative grievance procedure.

(b) No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency against any public safety officer who has successfully completed the probationary period that may be required by his or her employing agency without providing the public safety officer with an opportunity for administrative appeal.

(d) Except as provided in this subdivision and subdivision (g), no punitive action, nor denial of promotion on grounds other than merit, shall be

21

1  undertaken for any act, omission, or other allegation of misconduct if the

2  investigation of the allegation is not completed within one year of the public

3  agency's discovery by a person authorized to initiate an investigation of the

4  allegation of an act, omission, or other misconduct.

5       77.    At all times herein mentioned, California Government Code §3305

6  provided in pertinent part:

7               No public safety officer shall have any comment adverse to his

8  interest entered in his personnel file, or any other file used for any personnel

9  purposes by his employer, without the public safety officer having first read and

10  signed the instrument containing the adverse comment indicating he is aware

11  of such comment, except that such entry may be made if after reading such

12  instrument the public safety officer refuses to sign it. Should a public safety

13  officer refuse to sign, that fact shall be noted on that document, and signed or

14  initialed by such officer.

15      78.    At all times herein mentioned, California Government Code §3306.5

16  provided in pertinent part:

17              (a) Every employer shall, at reasonable times and at reasonable

18  intervals, upon the request of a public safety officer, during usual business hours,

19  with no loss of compensation to the officer, permit that officer to inspect

20  personnel files that are used or have been used to determine that officer's

21  qualifications for employment, promotion, additional compensation, or

22  termination or other disciplinary action.

23              (b) Each employer shall keep each public safety officer's personnel

24  file or a true and correct copy thereof, and shall make the file or copy thereof

25  available within a reasonable period of time after a request therefor by the

26  officer.

27      79.    Defendants, and each of them, violated Plaintiff Sellan's rights,

28  identified above, by failing to inform Sellan that when he was interviewed as

22

COMPLAINT

part of his In February 28, 2008, Sellan complaint against another sworn peace officer of the Hermosa Beach Police Department that he was also under investigation and/or could be subject to disciplinary action based on his complaint and/or interview; Defendants denied Sellan a promotion and/or selection to specialty assignments (including, but not limited to Watch Commander) based on hearsay, rumor and innuendo; denied Sellan the opportunity for promotion and/or selection of specialty assignment in retaliation for his invocation of rights under Government Code §3300, et seq.; denied Sellan access to his personnel file(s), including but not limited to adverse comments placed in files used for personnel purposes and to his background file; and denied Sellan access to internal investigations files, including but not limited to transcribed copy of any notes made by a stenographer or to any reports or complaints made by investigators or other persons.  Defendants are believed to have intentionally and maliciously violated Plaintiff's, and other officers right under Government Code §3300, et seq., including, but are not limited to Government Code sections 3303, 3304, 3304.5, 3305,3306, 3306.5, and 3309.5.

80.     Defendants, and each of them, violated Plaintiff Kansaku's rights under Government Code §3300, et seq., by failing to provide him a transcribed copy of any notes made by a stenographer or to any reports or complaints made by investigators or other persons during an internal affairs investigation; denying Kansaku access to personnel file and/or files used for personnel purposes, and retaliating against Kansaku based on his invocation of rights guaranteed under Government Code §3300, et seq. Defendants are believed to have intentionally and maliciously violated Plaintiff's, and other officers right under Government Code §3300, et seq., including, but are not limited to Government Code sections 3303, 3304, 3304.5, 3305,3306, 3306.5, and 3309.5.

81.     Defendants, and each of them, violated Plaintiff Bohacik's rights under Government Code §3300, et seq., by failing to provide him a transcribed

1   copy of any notes made by a stenographer or to any reports or complaints

2   made by investigators or other persons during an internal affairs investigation;

3   denying Bohacik access to personnel file and/or files used for personnel

4   purposes, taking disciplinary action against Bohacik after the one year statute of

5   limitations had expired; and retaliating against Bohacik based on his invocation

6   of rights guaranteed under Government Code §3300, et seq. Defendants are

7   believed to have intentionally and maliciously violated Plaintiff's, and other

8   officers right under Government Code §3300, et seq., including, but are not

9   limited to Government Code sections 3303, 3304, 3304.5, 3305,3306, 3306.5, and

10   3309.5.

11       82.   Defendants have intentionally and maliciously violated Plaintiffs',

12   and other officers right under Government Code §3300, et seq., including, but

13   are not limited to Government Code section 3304, 3304.5, and 3309.5.

14       83.   The duty to obey the law in conducting internal affairs investigations

15   and disciplinary appeals is a ministerial duty and is not discretionary. By acting,

16   and failing to act, as set forth above, defendants have violated a ministerial

17   duty. The court can issue an order directing the employer to act.

18       84.   Each and every act listed above, individually or jointly, constitutes a

19   violation of Government Code §3300, et seq., and therefore this court is required

20   to render appropriate injunctive or other extraordinary relief to remedy the

21   violation and to prevent future violations of a like or similar nature, including, but

22   not limited to, the granting of a temporary restraining order, a preliminary

23   injunction and a permanent injunction prohibiting the public safety department

24   from taking any punitive action against the public safety officer. (Gov't Code

25   §3309.5).

26       85.   Unless this court issues injunctive and/or mandamus relief enjoining

27   and restraining defendants, and each of them, and their agents, employees

28   and servants, from using and/or maintaining any record of the alleged

1  disciplinary actions and/or from making any reference to any action against
2  Plaintiffs based on the conduct giving rise to the underlying internal investigation
3  in their personnel file, or files used for personnel purposes, or any other written
4  record of his employee performance, Plaintiffs will suffer and will continue to
5  suffer irreparable harm in that their rights, as afforded by California Government
6  Code §3300, et seq., will be violated.

7       86.    Unless this court issues injunctive and/or mandamus relief enjoining
8  and restraining defendants, and each of them, and their agents, employees
9  and servants, from releasing information from the investigative file and/or any
10  reference to said disciplinary action against Plaintiffs, and each of them,
11  Plaintiffs will continue to  suffer irreparable harm in that their rights, as afforded
12  by California Government Code §3300, et seq., and rights under procedural due
13  process will be violated.

14       87. Plaintiffs have no plain, speedy or adequate remedy under the  law.
15  Plaintiffs have attempted to exhaust all administrative remedies to redress the
16  violation of their rights.  Furthermore, pursuant to Government Code Section
17  3309.5, Petitioner need not pursue any administrative remedy in order to address
18  this problem. Thus, Petitioner is excused from or has exhausted his administrative
19  remedies. This court is given initial jurisdiction over this matter pursuant to
20  Government Code §3309.5.

21       88.    Plaintiff has information and belief, and thereupon alleges that
22  defendants, in doing the acts herein above described (incorporating
23  paragraphs 1 through 68) acted in such a manner as to show a conscious
24  disregard of his rights, thus justifying extraordinary relief to remedy the violation
25  and to prevent future violations of a like or similar nature, including, but not
26  limited to, the enjoining of any and all further proceedings and/or disciplinary
27  action against Plaintiffs, monetary damages, an award of attorney fees and the
28  granting of a permanent injunction prohibiting the local public safety

1  department from taking any punitive action against plaintiff in this case.

2      89.    Plaintiff alleges that Defendants, and each of them, with respect to
3  acts taken within the scope of employment, maliciously violated provision of
4  Government Code §3300, et seq., with the intent to injure the public safety
5  officer, and therefore, the public safety department shall, for each and every
6  violation, be liable for a civil penalty not to exceed twenty-five thousand dollars
7  ($25,000) to be awarded to the public safety officer whose right or protection
8  was denied and for reasonable attorney's fees as may be determined by the
9  court.

10     90.    Plaintiff requests this court to award damages pursuant to C.C.P.
11  §1090 and 1095.

12     91.    The actions of defendants, and each of them, were arbitrary and
13  capricious and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant
14  to Government Code §800.

15     92.    The success of Plaintiffs in this action will result in the enforcement of
16  an important right affecting the public interest in that a significant benefit will be
17  conferred on a large class of persons, that is, public employees, and the
18  necessity and financial burden of private enforcement of said benefit are such
19  as to make appropriate the award of attorney fees pursuant to California Code
20  of Civil Procedure §1021.5.

21

22                      THIRD CAUSE OF ACTION

23          VIOLATION OF CIVIL RIGHTS AGAINST ALL DEFENDANTS

24                        42 U.S.C. §1983

25     93.    Plaintiff Donavan Selian for a Third Cause of Action against
26  Defendants, and each of them, and realiege paragraphs 1 through 92 as herein
27  above set forth and further alleges:

28     94.    Plaintiff Selian contends that after he filed a complaint against

                                26

1  another employee of the Police Department, he was subjected to a written
2  reprimand and later had his salary reduced by an estimated $16,000.00 based
3  on allegations of misconduct. Sellan attempted to appeal the disciplinary
4  action, but the City, through Burrell, indicated that he would not be provided an
5  administrative hearing.

6      95.    42 U.S.C. §1983 provides in pertinent part that every person who,
7  under color of any statute, ordinance, regulation, custom, usage, or any State,
8  subjects, or causes to be subjected, any citizen of the United States or other
9  person with the jurisdiction thereof to the deprivation of any rights, privileges, or
10 immunities secured by the Constitution and laws, shall be liable to the party
11 injured in an action in law, suit in equity or other proper proceeding for redress.

12     96.    This cause of action is brought pursuant to Article I, Section 10 of the
13 United States Constitution, the Due Process Clauses of the Fifth and Fourteenth
14 Amendments to the United States Constitution and the other state and federal
15 laws which would entitle plaintiffs to recover damages pursuant to 42 U.S.C.
16 §1983. Sellan contends that he has been denied due process when having his
17 salary reduced and/or given the equivalent of a 22 day suspension without the
18 right to an administrative appeal.

19     97.    Property interests protected by the Due Process Clause are created
20 by existing rules or understandings that stem from an independent source such
21 as state law, resolutions or governmental polices and procedures. In this matter,
22 Plaintiff was in fact given the right to due process/liberty interest in his
23 employment by federal due process protection, state law (Gov't Code §3304)
24 and the City's own resolution/municipal code which mandates that the
25 discipline be only on grounds of merit.

26     98.    Plaintiffs alleges that the City of Hermosa Beach has a policy,
27 custom and/or practice to deny employees appeal hearing when employees
28 seek to challenge disciplinary actions. On at least five other occasions known to

1 | plaintiffs, the City has denied/refused appeal hearings to officers seeking to
2 | challenge disciplinary actions; and on a number of other occasions denied
3 | officers the ability to submit grievances to arbitrations hearings. This
4 | policy/custom/practice has been established either due to official actions in the
5 | past, decisions of a decision-maker given authority to grant or deny hearing,
6 | and/or by actions of Defendants that have been ratified by the City and/or
7 | Defendants' supervisors. Defendants' denial of hearing involve other officers
8 | that have engaged in protected activities against the City of Hermosa Beach
9 | and/or the other named defendants.

10 | 99. This purported policy/custom/practice has manifested itself in the
11 | denial of hearings to the named plaintiffs and the denial of similar type hearings
12 | requested in the past by Donavan Sellan, Timothy Turek, Scott Kansaku, Dorothy
13 | Scheid, and/or Todd Lewitt.

14 | 100. At all times relevant herein defendants, named and unnamed,
15 | were agents and employees of defendant CITY OF HERMOSA BEACH and in
16 | carrying out the acts alleged herein were acting under color of their authority as
17 | such and under color of the statutes, regulations, customs, and usages of city
18 | and police department and pursuant to a set pattern, practice and official
19 | policy of each respective governmental entity. Defendant CITY OF HERMOSA
20 | BEACH policies, procedures, customs, and practices to deny employee appeal
21 | hearings and described above, encouraged its officers, employees and agents,
22 | to believe that the above described actions were permissible and that they can
23 | undertake the above described actions, currently and in the future, with
24 | impunity. As a direct and proximate result of the aforementioned policies,
25 | procedures, customs, and practices of defendants, plaintiff has suffered injuries
26 | and damages in an amount to be proven at the time of trial.

27 | 101. The conduct of each defendant violated the rights of the plaintiffs
28 | to due process and the equal protection of law as guaranteed by the

1  Fourteenth Amendment to the United States Constitution and entitles plaintiff to
2  recover damages pursuant to 42 U.S.C. § 1983. The conduct of the defendants
3  which violated plaintiff's Fourteenth Amendment rights includes a conspiracy by
4  one or more of the defendants to violated plaintiff's rights.

5      102.   During all times mentioned herein, the individual defendants, and
6  each of them, separately and in concert, acted under color and pretense of
7  law, under color of the statutes, ordinances, regulations, policies, processes,
8  customs and usages of the defendants. Each of the individual defendants here,
9  separately and in concert, deprived plaintiff of his rights, privileges and
10  immunities under Article I, Section 10 of the United States Constitution, and the
11  Fourteenth Amendments and Due Process Clauses of the Fifth and Fourteenth
12  Amendments to the United States Constitution and other state and federal laws.
13  Said breaches of plaintiff's rights have caused him injuries and damages.

14      103.   Plaintiff Sellan alleges, on information and belief that the above
15  articulated constitutional violations were proximately caused by the defendants'
16  deliberate indifference to the maintenance, training and control of its officers,
17  and the constitutional violations set forth above were proximity caused by the
18  customs, practices, policies and decisions of defendant the City of Hermosa
19  Beach and/or Hermosa Beach Police Department.

20      104.   Despite the fact that the defendants knew or should have known of
21  the facts that these acts, omissions, decisions, practices, customs and policies
22  both formal and informal, were being carried out by its agents and employees,
23  defendants have taken no steps or efforts to order a halt to this course of
24  conduct, nor make redress to this plaintiff or other employees injured thereby
25  and has failed to take any disciplinary actions whatsoever against its employees
26  or agents.

27      105.   As a direct and proximate result of the aforesaid acts, omissions,
28  customs, practices, policies and decisions of the defendants, and each of them,

1  plaintiff Sellan has suffered mental pain, suffering, anguish, anxiety, grief, shock,

2  humiliation, indignity, embarrassment and apprehension, all to his/her/their

3  damage in a sum to be determined at trial. Additionally, plaintiff Sellan has

4  been forced to incur substantial amounts of attorney' fees, investigations,

5  expenses and other cost in the prosecution of the above articulated

6  constitutional violations.

7      106.   Plaintiff Sellan is entitled to and hereby demands, costs, attorney

8  fees, and expenses pursuant to 42 U.S.C. §1988.

9      107.   Plaintiff Sellan hereby demand that a jury be impaneled for the trial

10  of this matter.

11

12              WHEREFORE, PLAINTIFFS pray for judgment against

13  DEFENDANTS, and each of them, as follows:

14                      FIRST CAUSE OF ACTION

15      1.    That this court issues a temporary restraining order, preliminary

16  and/or permanent injunction enjoining and restraining defendants, and each of

17  them, and their agents, employees and servants, from using or maintaining any

18  record of the alleged disciplinary actions and/or from making any reference to

19  any action against Plaintiffs based on the conduct giving rise to the underlying

20  internal investigation in their personnel file, or files used for personnel purposes, or

21  any other written record of his employee performance;

22      2.    That this court issues a temporary restraining order, preliminary

23  and/or permanent injunction enjoining and restraining defendants, and each of

24  them, and their agents, employees and servants from releasing information from

25  the investigative file and/or any reference to said disciplinary action against

26  Plaintiffs.

27      3.    In the alternative, Plaintiffs request that they be immediately

28  provided full administrative hearings before the City of Hermosa Beach Civil

1  Service Commission, wherein the City of Hermosa Beach will have the burden of
2  proving that Plaintiffs are guilty of misconduct, and if so found, that the discipline
3  is the appropriate actions under the facts found.

4      4.      Extraordinary relief to remedy the violation and to prevent future
5  violations of a like or similar nature, including, but not limited to monetary
6  damages, an award of attorney fees and the granting of a permanent
7  injunction prohibiting the local public safety department from taking any
8  punitive action against plaintiffs in this case.

9      5.      Civil penalty not to exceed twenty-five thousand dollars ($25,000)
10  per violation found and for reasonable attorney's fees as may be determined by
11  the court.

12                        SECOND CAUSE OF ACTION

13      6.      That this court issues a temporary restraining order, preliminary
14  and/or permanent injunction enjoining and restraining defendants, and each of
15  them, and their agents, employees and servants, from using or maintaining any
16  record of the alleged disciplinary actions and/or from making any reference to
17  any action against Plaintiffs based on the conduct giving rise to the underlying
18  internal investigation in their personnel file, or files used for personnel purposes, or
19  any other written record of his employee performance

20      7.      That this court issues a temporary restraining order, preliminary
21  and/or permanent injunction enjoining and restraining defendants, and each of
22  them, and their agents, employees and servants, from releasing information
23  from the investigative file and/or any reference to said disciplinary action
24  against Plaintiffs

25      8.      That this court issues a temporary restraining order, preliminary
26  and/or permanent injunction enjoining and restraining defendants, and each of
27  them, and their agents, employees and servants, from using any document, or
28  the "fruit" of any such document, maintained in violation of Government Code

1  Section 3300 et seq; and/or from making any reference to any of said
2  statements in Plaintiffs' IA/Personnel file or any other record maintained by the
3  City.

4      9.    Extraordinary relief to remedy the violation and to prevent future
5  violations of a like or similar nature, including, but not limited to monetary
6  damages, an award of attorney fees and the granting of a permanent
7  injunction prohibiting the local public safety department from taking any
8  punitive action against plaintiffs in this case.

9      10.    Civil penalty not to exceed twenty-five thousand dollars ($25,000)
10  per violation found and for reasonable attorney's fees as may be determined by
11  the court.

12

13                 THIRD CAUSE OF ACTION

14      11.    An award of monetary damages and equitable relief, according to
15  the proof at trial for all injuries, including financial, employment status, emotional
16  distress, and/or otherwise.

17      12.    An award of punitive damages against the individually named
18  defendants and Doe defendants;

19      13.    An award of damages, pursuant to 42. U.S.C. §1983 and §1985, for
20  mental pain, suffering, anguish, anxiety, grief, shock, humiliation, indignity,
21  embarrassment and apprehension, and/or attorney' fees, investigations,
22  expenses and other cost in the prosecution of the above articulated
23  constitutional violations;

24      14.    A permanent injunction prohibiting Defendants, and each of them,
25  from denying Plaintiffs, and other similarly situated officers, their right to due
26  process;

27      15.    An award of damages for plaintiff's lost wages, future wages
28  and/or earning capacities resulting from the incident(s) as described herein, in

1   an amount to be determined according to the proof at time of trial.

2       16.    An award of costs, attorney fees, and expenses pursuant to 42

3   U.S.C. §1988.

4

5                          ALL CAUSES OF ACTION

6       17.    Monetary damages according to proof at the time of trial;

7       18..   Damages pursuant to C.C.P. §1090 and 1095.

8       19.    Prejudgment interest on any and all awards described above.

9       20.    Attorneys' fees pursuant to Government Code §800.

10      21.    Attorney fees pursuant to California Code of Civil Procedure

11  §1021.5.

12      22.    For costs of suit incurred herein; and

13      23.    Such other and further relief as the court deems proper under the

14  circumstances.

15

16  Dated: August 10, 2009                COREY W. GLAVE, ATTORNEY AT LAW

17

18                                        By_____

19                                            Corey W. Glave,
                                              Attorney for All Plaintiffs

20

21

22

23

24

25

26

27

28

COMPLAINT

## VERIFICATION

The undersigned declares as follows:

I am a named plaintiff to this action.  I have read the foregoing COMPLAINT, and know the contents thereof.  Said document was prepared with the assistance and advice of counsel, upon which I have relied.  The matters stated in the foregoing document, as they related to me are true except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Donavan Sellan

# VERIFICATION

The undersigned declares as follows:

I am a named plaintiff to this action. I have read the foregoing COMPLAINT, and know the contents thereof. Said document was prepared with the assistance and advice of counsel, upon which I have relied. The matters stated in the foregoing document, as they related to me are true except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



SCOTT KANSAKU

## VERIFICATION

The undersigned declares as follows:

I am a named plaintiff to this action.    I have read the foregoing COMPLAINT, and know the contents thereof.  Said document was prepared with the assistance and advice of counsel, upon which I have relied.  The matters stated in the foregoing document, as they related to me are true except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____

DAVID BOHACIK

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF <u>LOS ANGELES</u>:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1042 2ND Street, Hermosa Beach, CA 90254.

On <u>August 10, 2009</u> I served the foregoing document described as

## FIRST AMENDED COMPLAINT

on the parties in this action by first class mail on the parties in this action by placing a copy thereof in an envelope addressed as follows:

> Melanie Poturica
> Liebert, Cassidy & Whitmore
> 6033 W. Century Boulevard
> Suite 500
> Los Angeles, CA  90045

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Hermosa Beach/Redondo Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 10, 2009, at Hermosa Beach, California.

<u>X</u>   STATE   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Corey W. Glave

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Donavan Sellan, Scott Kansaku and David Bohacik | Gregory Savelli; City of Hermosa Beach; Hermosa Beach Police Department; Stephen Burrell; Thomas Eckert; and Thomas Bohlin |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Melanie M. Poturica, Esq. Jennifer M. Rosner, Esq. Liebert Cassidy Whitmore 6033 West Century Boulevard, Suite 500 Los Angeles, California 90045 Telephone: (310) 981-2000 | Corey W. Glave, Esq. 1042 Second Street Hermosa Beach, California 90254 Telephone: (310) 379-0065 |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT: $** Unknown to Defendants

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. §1983

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV09-06074

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes

If yes, list case number(s): CV09 - 2542 PA (SH x)

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): CV09-2542 PA (SHx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** Jennifer M. Rosner      Date August 19, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV09- 6074 DDP (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.