UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | CV 09-6074 PA (SHx) | Date | October 6, 2009 |
|---|---|---|---|
| Title | Donovan Sellan, et al. v. Gregory Savelli, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS ORDER - MOTION TO DISMISS

     Before the Court is a Motion to Dismiss the First Amended Complaint ("FAC") filed by Defendants Gregory Savelli, City of Hermosa Beach, Hermosa Beach Police Department, Stephen Burrell, Thomas Bohlin, and Thomas Eckert (collectively "Defendants"). (Docket No. 7). Plaintiffs Donovan Sellan, Scott Kansaku, and David Bohacik (collectively "Plaintiffs") have filed an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 28, 2009 is vacated and the matter taken off calendar.

I.    Factual and Procedural Background

     Plaintiffs are police officers in the Hermosa Beach Police Department who allege that they were retaliated against for exercising their free speech rights. Plaintiffs first filed this action in the Los Angeles County Superior Court on March 13, 2009. The case was previously removed to this court on April 13, 2009, Sellan, et al. v. Savelli, et al., Case No. CV 09-2542 PA (SHx). Plaintiffs' original Complaint brought several state claims, as well as three claims under 42 U.S.C. § 1983 for alleged violations of Plaintiff's procedural due process rights, alleged violations of Plaintiff's first amendment rights, and Monell liability. Plaintiffs' Complaint alleged that, as a result of engaging in protected speech, written reprimands were placed in their personnel files, they were passed over for promotions, and they were refused overtime and special assignments. The Complaint further alleged that Plaintiffs were denied an administrative appeals hearing to protest the adverse actions taken against them.

     Defendants filed a motion to dismiss Plaintiffs' Complaint, which this Court granted on May 11, 2009. This Court dismissed all of Plaintiffs' federal claims under 42 U.S.C. § 1983 without leave to amend and remanded Plaintiffs' state claims to state court. After Plaintiffs' case was remanded to state court, Plaintiffs filed the FAC, and included a new procedural due process claim under 42 U.S.C. § 1983 based on alleged new events that had occurred after the original Complaint had been filed. Defendants removed the action to this Court on August 19, 2009, and filed this motion on August 24, 2009.

II.    Legal Standard

     Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). While the Federal Rules

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | CV 09-6074 PA (SHx) | Date | October 6, 2009 |
|---|---|---|---|
| Title | Donovan Sellan, et al. v. Gregory Savelli, et al. | | |

allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

III.   Analysis

Defendants argue that Plaintiffs' procedural due process claim should be dismissed because it is barred under the doctrine of res judicata. Res judicata prohibits relitigation of claims that were raised or could have been raised in a prior action. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). In order for res judicata to apply there must be (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity of parties. Id. Here Plaintiffs' and Defendants' only dispute is whether Plaintiffs' procedural due process claim is identical to the one that was already litigated in the previous case before this Court. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714 (9th 2001)(quoting Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000)).

According to Plaintiffs, res judicata does not apply because the FAC alleges facts that occurred after the filing of the original Complaint which could not have been raised in the first action. Specifically, Plaintiff Donovan Sellan alleges in the FAC that he was suspended from the Field Officer training program and his salary was reduced by $16,000. Sellan's Opposition argues that his request for an administrative appeals hearing to review these incidents was denied after he filed the original Complaint, and thus constitutes a new claim. However, this denial of an administrative appeals hearing arises from the same transaction as an incident alleged in Plaintiffs' original Complaint: "Defendants … removed [Sellan] from a training position that paid approximately $500.00 per month and denied him a special assignment that paid and [sic] additional 7% to his base salary. Sellan appealed the disciplinary action, but was told t" (Compl. ¶ 75.) Although Sellan's request for an administrative appeals hearing may have been denied after he filed the Complaint, the events that form the basis for his request – removal from the training program and salary reduction – are the same as those alleged in his original Complaint. This Court has already dismissed Sellan's procedural due process claim without leave to amend, and thus his second attempt to bring the claim based on the same transaction is barred by res judicata.

Plaintiffs also allege Monell liability against the City of Hermosa Beach, claiming that the City has a policy, custom, and/or practice to deny administrative appeals hearings to police officers who wish to challenge disciplinary actions. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2D 611 (1978)("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6074 PA (SHx) | Date | October 6, 2009 |
|---|---|---|---|
| Title | Donovan Sellan, et al. v. Gregory Savelli, et al. | | |

policy or custom, whether made by its lawmakers or by those edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Where there is no underlying constitutional violation by an individual government employee, there can be no Monell liability by the local government. See Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir. 1996)("[A] public entity is not liable for § 1983 damages under a policy that can cause constitutional deprivations, when the factfinder concludes that an individual officer, acting pursuant to the policy, inflicted no constitutional harm to the plaintiff."); Forrester v. City of San Diego, 25 F.3d 804, 808 (9th Cir. 1994)(holding that "a finding that the arrests did not involve the use of unreasonable force" renders "moot the question of whether the city's policy authorized the use of constitutionally excessive force."). Because Plaintiffs' procedural due process claim is barred by res judicata, the FAC does not allege any underlying constitutional basis for a Monell claim. As such, the Monell claim is also dismissed without leave to amend.

Plaintiffs also bring state law claims for violation of California Government Code §§ 3300, et seq., including Sections 3304, and 3309.5. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, the Court has dismissed all of the federal claims over which it has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and those claims are remanded to state court.

### Conclusion

For the foregoing reasons, Defendants' Motion to dismiss Plaintiffs' federal claims is granted, and Plaintiffs' federal claims are dismissed without leave to amend. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and those claims are remanded to Los Angeles County Superior Court, Case No. YC059310.

IT IS SO ORDERED.

:

Initials of Preparer         PS